Davis, J.,
delivered the opinion of the court:
Under the election laws of New Jersey the boards of registry hold their first meeting on Tuesday three weeks next preceding the general State election, at 7 o’clock in the morning, and remain in session until 8 o’clock at night. The board of registry also meets on Thursday next preceding the day of general election, at the same hour and place as their first meeting, for the purpose of revising and correcting the original register. (“An act to regulate elections,” approved April 18, 1876, sections 164 and 165.)
Plaintiff, having been appointed a special deputy marshal, was assigned to duty at the polls on the two registration days and upon election day, to aid the chief supervisor of elections and to preserve order. Upon four other days he was detailed by the marshal to perform special duty under the direction of the chief supervisor; performing this duty, he visited various houses in the various districts, made examinations as to the qualifications of the persons registered whose right to vote was doubted or about whom some question had arisen, and verified the registry lists.
For all this service, covering seven days, plaintiff has been paid but $10, and now sues for $25, being $5 a day for the remaining five days.
The powers and duties of marshals during an election are prescribed in section 2021 and following sections of the Revised *370 Statutes. Section 2021 provides that the marshal, when requested, shall appoint special deputy marshals—
“Whose duty it shall be, when required thereto, to aid and assist the supervisors of election in the verification of any list of persons who may have registered or voted ; to attend in each election district or voting precinct at the times and places fixed for the registration of voters, and at all times or places when and where the registration may by law be scrutinized, and the names of resident voters be marked for challenge; and also to attend at all times for.holding elections the polls in such district or precinct.”
Section 2022 provides—
“Sec. 2022. The marshal and his general deputies, and such special deputies, shall keep the peace and support and protect the' supervisors of election in the discharge of their duties, preserve order at such places of registration and at such polls, prevent fraudulent registration and fraudulent voting thereat, or fraudulent conduct on the part of any officer of election, and immediately, either at the place of registration or polling place, or elsewhere, and either before or after registering or voting, to arrest and take into custody, with or without process, any person who commits, or attempts or offers to commit, any of the acts' or offenses prohibited herein, or who commits any offense against the laws of the United States. ”
These are the only sections important to this case.
A marshal is a peace officer; his general duty is similar to that of a sheriff; he is to serve process, to make arrests, and to keep order. The marshals may be termed the national police. It would seem at first glance to be inconsistent with the general scope of the duties incident to his office to' placé upon the marshal duties similar to those of a supervisor of elections, while we would naturally expect him to be charged with’the'maintenance of order at the polling places and places of registration of voters. It would not be unnatural to find a special deputy marshal ordered to accompany and to protect a supervisor in his house-to-house examination; but it would hot be a duty incident to the character of his office for the marshal or his special dejmty to make these house-to-house Visits alone, for the purpose of examining into the'qualifications of contemplated voters. That is, while the supervisor' and marshal’act in conjunction, the one would properly supervisé the elections and detect frauds, while the other would maintain the’ peace,, guard the supervisors, and arrest offenders.
*371 We are, however, of the opinion that section 2021, Revised Statutes, prescribes new duties for the marshal, different in kind from those of a peace officer. The duty there imposed is thus defined: “To aid and assist the supervisors of election in the verification of any list of persons who may have registered or voted.” A necessary incident to such verification is a visit to the houses of suspected citizens for the purpose of detecting fraud. This statute does not say “toprotect” the supervisors in the verification of the lists, but “to aid and assist” them. The use of this language, we think, implies an intent upon the part of Congress to require of marshals, at election time, a new duty different from that which they would naturally perform, a duty similar ih kind to that of a supervisor of elections. This seems to be the intent of section 2021. The next section relates purely to police powers. There we find a direction “to keep the peace,” to “ protect the supervisors of election in the discharge of their duty,” to “ preserve order ” at the places of registration and at the polls, to “ prevent fraudulent registration and fraudulent voting thereat,” and so on. If the only duty of a special deputy marshal in the verification of registration lists is to physically protect the supervisors,' then the provision in section 2021 is useless, for this duty is in terms prescribed by section 2022. We are of opinion that plaintiff was entitled under section 2031, Revised Statutes, to the fees therein prescribed for seven days’ service, on account of which he has been paid for two days.
We do not understand that the indorsement on his appointment operates as a bar against this action. Plaintiff thereby simply agreed to hold the marshaL personally harmless in case the Government did not pay him, and not to claim payment out of the marshal’s fees.
Judgment for plaintiff in the sum of $25.