'Richardson, Cb. J.,
delivered tbe opinion of tbe court:
Tbe claimant was appointed by tbe Superintendent of tbe Census December 3,1890, a special agent of tbe Census Office, and bis appointment was approved by tbe Secretary of tbe Interior, as follows:
“Department of the Interior,
“ Washington, December 8, 1890.
“Tbe Superintendent of Census:
“Sir: Your appointment, as stated in your letter of tbe 3rd inst., of Mr. John A. Barre, of South Carolina, as a special agent of tbe Census Office, to collect tbe statistics of manufactures in G-reenville, Piedmont, and Pelzer, at a compensation of $4.00 per day, when actually employed, is hereby approved.
“Very respectfully,
“Geo. Chandler,
“ Acting Secretary
He was notified December 10,1890, by a letter, tbe material parts of which for this case are as follows:
“Department of the Interior,
“Census Office,
“ Washington, D. C., December 10, 1890.
“ Sir : I beg to advise you that your commission as special agent to collect statistics of manufactures in Greenville, Pied *361 mont, and Pelzer, South. Carolina, was mailed to yon this day.
# # # # #
“Ion will be allowed your actual expenses of transportation between the places named in your commission, but no allowance for subsistence or per diem in lieu thereof. -
“ Very respectfully,
“Geo. S. Boudinot,
“ Chief of Division.
“Mr. Johe A. Barre,
“ Special Agent, Columbia, S. CP
He took the oath of office and entered upon the discharge of his duties December 20,1890. At that time the statute provided as to special agents:
“They shall receive compensation at rates to be fixed by the Superintendent of Census, with the approval of the Secretary of the Interior: Provided, That the same shall in no case exceed six dollars per day and actual travelling expenses, and a per diem allowance in lieu of subsistence of three dollars per day. ” (Act of 1889, March 1, ch. 319, as amended by act of 1890, April 3, ch. 61, 1 Supp. R. S., 2d ed., pp. 659, 711.)
Thus, by this statute, the compensation of special agent was to be fixed by the Superintendent of the Census, with the approval of the Secretary of the Interior, within the limits prescribed.
The claimant resided in Columbia, S. C., while he performed his duties in Greenville, Piedmont, and Pelzer, S. C., all some miles distant from the place of his residence, and he was obliged to travel and to be away from home much or all of his time. He seeks to recover a per diem of $3 a day in lieu of subsist-tence under the provisions of the amendment to the eighteenth section of the census act.
His claim would be sustained if the statute fixed his compensation absolutely, but it does not do so, and in his letter of appointment his' compensation was stated at $4 a day while actually employed, without mention of subsistence or traveling expenses; and in a letter from the Census Office it was expressly stated:
“ You will be allowed your actual expenses of transportation between the places named in your commission, but no allowance for subsistence or per diem in lieu thereof.”
The claimant accepted the office knowing the terms on which the appointment was offered to him. This made a contract, by which he is bound.
*362 On Ms bebalf it is urged that tbe compensation of a public officer can not be changed by contract, relying upon tbe authority of three cases in this court: Adams’s Case (20 C. Cls. R., 115), Foote’s Case (23 C. Cls. R., 443), and Sanborn’s Case (24 C. Cls. R., 367).
In the first case, Adams, the claimant, was an inspector of customs, for which office the statute fixed the compensation at $3 a day while actually employed. In his letter of appointment the Secretary of the Treasury limited Ms pay at $2.50 a day.
In Foote’s Case, the claimant was envoy extraordinary and mimster plenipotentiary to Korea, and was paid a salary less than that provided by statute.
In Sanborn’s Case, the claimant was appointed by the marshal of his district as special deputy, and on his appointment he “waived all claim against the United States or the marshal unless an appropriation be made.” By statute deputy marshals were entitled to prescribed fees for their services.
The court held in each case that the amount of fees or salaries fixed by statutes could not be altered by agreement between public officers, and the claimants recovered the statute compensation.
The difficulty with the claimant’s case is that the statute fixes not the exact compensation of census special agents, but only the maximum of rate beyond which they can not be paid, and it gives to the Superintendent of the Census, with the approval of the Secretary of the Interior, authority to fix the amount at any rate below the maximum. Within the limitations of the statute the Superintendent and Secretary had a right to fix the compensation. In this case they did so, and the claimant has been paid accordingly, and he is entitled to no more.
The petition must be dismissed.