LoRiNG, J.,
delivered the opinion of the court:
The petitioner was a second lieutenant in company 0, of the 54th regiment of the New York volunteers infantry, and he claims :
1. One hundred and twenty-eight dollars and twenty-five cents as three months’ pay allowed under the act of July 13, 1866, upon his being honorably discharged.
2. His pay and allowances as a lieutenant of infantry from the 1st day of April;-1865, to the 29th day of April, 1865, amounting to the sum of one hundred and thirty-three dollars and twenty-seven cents.
And the court finds the facts to be:
1. That the petitioner was mustered into the service on September *287 17, 1861, for three years, and that his original term of service expired September 17, 1864.
2. That on the 16th of November, 1862, he was promoted to a second lieutenancy and served in that capacity until his capture hy the enemy at the battle of Gettysburg, on July 1, 1863.
3. He remained a prisoner until February 28, 1865, when he was paroled at Wilmington, in North Carolina, and was ordered from there to Camp Parole, at Annapolis, Maryland.
4. He arrived at Camp Parole March 7, 1866, and on 19th March, 1865, by order of that date, he was granted leave of absence for thirty days, and he received the order March 22,1865.
5. He returned to Camp Parole and reported for duty April 22,1865, and applied for his discharge on the ground of physical disability and the expiration of his original term of service.
6. His regiment was at that time in service as a veteran organization, having been remustered into the service in 1864, while the petitioner was a prisoner.
7. On the 22d April, 1865, he was ordered to report to the commandant of the second battalion of paroled prisoners for assignment to quarters to await muster out. And he so reported.
8. On the 26th day of April, 1865, he was honorably discharged, hy the following order :
[Special Orders No. 188. — Extract.]
“ War Department, Adjutant General’s Office,
“ Washington, April 26,1865.
•# # a * , * #
- “ 92. Under the provisions of circular No. 75, September 22, 1864, from this office, Second Lieutenant C.L. Allstaedt, 54th New York volunteers, a paroled prisoner of war, is hereby mustered out and honorably discharged the service of the United States, to date March 22, 1865, with condition that he shall receive no final payments until he has satisfied the pay department that he is not indebted to the government.
* * * * * *
“ By order of the Secretary of War :
“W. A. Nichols,

“ Assistant Adjutant General.

“ Lieutenant«ALLSTAEDT,
“ Through G. 0. Camp Parole, Annapolis, Md.
“Official: R. Williams,
“ Assistant Adjutant General.”
*288 And this order was received by the petitioner on April 29th, I860, at Camp Parole.
9. Circular No. 36 of the War Department, dated at Washington, May 2, 1864, provides as follows :

Officers of veteran regiments.

“2. Under paragraph 9, of General Orders Mo. 191, 1863, it is announced that officers in service, whose regiments or companies may re-enlist, (now applicable to regiments or companies where three-fourths have reenlisted,) will have their commissions and rank continued. To this end officers will continue to serve under existing musters until the original term of their regiments shall have expired, when they will be remustered under their existing commissions for three years.
“ 3. When troops are mustered out of service, all officers and men, present and absent, who are entitled to be discharged, will be considered as mustered out at one time and place, except prisoners of war, who will be considered as in service until their arrival in.a loyal State, with an allowance of time necessary for them to be returned to their respective places of enrolment. With officers and men of this class, commanding officers of regiments and companies will exercise great care in stating, in the remarks on the muster-out rolls, the dates and places of capture.
Circular No. 75 of the War Department, under which *he petitioner was discharged, is as follows :
[Circular No. 75.]
“ War Department, Adjutant General’s Office,
“ Washington, September 22, 1864.
“ Circulars Nos. 61 and 731 current series, from this office, are hereby revoked, and the following regulations substituted:
“ 1. Hereafter, when a commissioned officer of a three years’ volunteer organization receives a new commission, or an enlistei 4 ran is appointed to a commission, he may, at his option, be muste ;d into the United States service for three years, or the unexpired ten, of the organization of which he may, at the time, be a member : Provided, That no officer or enlisted man, so receiving a commission, shall be mustered iff for a less period than three years, if, at the date he presents himself for muster under it, he has less than six months to serve.
“ 2. All regimental officers of volunteers now in the service of the United States, who have been in the said service three years, and all *289 who shall hereafter have served three years, may, if they so desire, he mustered out and honorably discharged the service, on satisfactory proof being furnished the commissary of musters of their command that they have so served : Provided, That said officers have not, meanwhile, voluntarily been re-mustered for three years, or, if belonging to veteran organizations, signified in writing their willingness to serve for the new term of the organization to which they belong.
“ 3. Regulations similar to the foregoing will apply to organizations mustered into service for a less period thau three years.
“ 4. If officers of veteran organizations do not desire to secure the advantages of their former “ commissions and rank,” as contemplated by section 2, of paragraph 1, circular No. 36, (copy herewith,) current series, from this office, they can decline to he re-mustered as therein directed, and take advantage of the provisions of paragraphs one and two of this circular, in so far as they may be applicable.
“5. When the regiment, company, or other command of a regimental officer is mustered out, it must be distinctly understood that the officer will be considered as mustered out therewith, and at the same “ time and place,” as the command.
“ An officer will be held to service for the full term of his muster only when the regulation command is retained in service for him.
‘‘ Occasion is here taken to remind officers, absent from their commands on detached service, sick, or otherwise, that it is their duty to keep themselves fully advised as to the. dates at which their commands go out of service, so that they may be mustered out and discharged therewith. (See circular No. 36, current series, from this office.) Officers neglecting this precaution will he held to a strict and rigid accountability. In cases of doubt, timely application should be made to the Adjutant G-eneral of the army for information.
“ By order of the Secretary of War:
• “E. D. TowNSBnd,
“ Assistant Adjutant General.
“ 0¿ .'al:
' “ Thomas M. Yincent,
“ Assistant Adjutant General.”
10. The petitioner has been paid as lieutenant of infantry up to the 31st of April, 1865.
11. No military service was performed by or required of the petitioner after he received the order granting him leave of absence for thirty days, on March 22, 1865.

*290
Opinion.

The questions in this case arise upon the action of the War Department, in referring the time of the petitioner’s discharge to March 22, 1865, under the circulars and upon the facts stated, instead of to the time he received the order of his discharge, which was dated April 26, and received April 29, 1865.
The original.term of enlistment of the petitioner and of his regiment expired on September 17, 1864, and at that time his regiment re-en-Iisted and became a veteran organization; but at that time he was a prisoner to the enemy, and his election to re-enlist or be discharged could not be made or known. He continued, therefore, in the service under his original enlistment, and the statutes continuing his pay, while a prisoner and while under parole; and on 22d April, when his election was made by his application to be discharged because of physical disability and the expiration of his original term, the department referred the discharge to March 22, 1S65, as the term when his leave of absence began and his military service to the United States ceased. The equity of this we cannot consider, for we must administer the statute, and not the circulars of the War Department where they conflict with the statutes; and by the statutes the petitioner is assured his pay and allowances as a lieutenant of infantry until the term of his discharge ; now the evidence shows that the petitioner was not discharged until April 26, 1868, and to that time he was an officer in the army, subject to its rules and regulations. Then the order for his discharge was not received by him until the 29 th of April; and as this delay of three days was by no fault of his, and the circumstance was not in his control, but in that of the government, and is incident to official routine, we think, by the usage of the department and its reasonableness, the time of the petitioner’s actual discharge is to be taken to be on the 29th of April, and that he is entitled to his pay and allowances as lieutenant of infantry to that date inclusive.
As to the question of the petitioner’s right to three months’ pay proper on his being honorably discharged, the statute of March 3, 1865, (12 Stat., p. 497,) gives that bounty to all officers of volunteers below the rank of brigadier general who shall remain, in the service to the end of the war, and the statute of July 13, 1866, extends the bounty to all such officers who shall be “ mustered out at their own request,” &c., after April 9, 1865; and both of these statutes fix and specify a definite period of time, which in their administration cannot be disregarded, nor can this court or the department fix any other. And in reference to the petitioner’s *291 case it is observable that the statute conditions the bounty on the time of mustering out, and not on the time of the request for it, and we think we are bound by the words of the statute; and, therefore, we think the petitioner is legally entitled to the three months’ pay proper which he claims.