Scofield, J.,
delivered the opinion of the court :
This suit grows out of a change by the Revised Statutes, possibly inadvertently made, in the compensation of inspectors of customs. Prior to this change any sum less than $3 per day, approved by the Secretary and accepted by the inspector, was the lawful compensation. The Revised Statutes, section 2733, fixed the minimum compensation at $3 per day. By Aot of March 3, 1881 (21 Stat. L., 429) the authority to agr.ee to a compensation less than $3 a day was restored to the Secretary. Between these two dates the compensation of inspectors was paid, as if under the provisions of the old law, or by a change in the inspector’s title, as if to escape the provision of section 2733, at a less rate than $3 a day.
By the Aot of July 7, 1884 (23 Stat. L., 257), an appropriation is made to pay these differences, but with a proviso that no part of the money appropriated shall be paid to any of the ■' claimants until the Court of Claims shall have heard and de- ; termined all the questions involved, and the liability of the < United States government therefor, in at least one test case.” :
The claimant was one of the inspectors reduced in pay. The.! court has found (finding vi) that this and the case of Luther/ Bradford, heard and decided in connection with it, are representatives of all the cases and all the questions involved referred to by said act.
. The facts in this case may be briefly stated. May 8, 1874, the. claimant was duly appointed and qualified an inspector in the Champlain district in the State of New York for the season of navigation, at $2.50 a day. The appointment was renewed on the same or similar terms from year to year until 1880, when *117 be was appointed a deputy collector. In some of these appointments the compensation was stated to be at $3 a day, but limited to a certain amount for the year. During all this time the claimant was required to perform and did perform only the duties of an inspector. For his service he was paid according’ to the rate and limitations stated in the several appointments.
The difference between the amount thus paid and the amount claimed, at $3 a day, for the whole time of service subsequent to June 22, 1874, when the Devised Statutes took effect, is $804.85 in favor of the claimant.
Is he entitled to claim this difference notwithstanding the orders in his appointments ?
The law creates the office, prescribes its duties, and fixes the compensation. The selection of the officer is left to the collector and Secretary. The appointing power has no control, beyond the limits of the statute, over the compensation, either to increase or diminish it. This has been substantially decided in many cases.
(Converse v. United States, 21 Howard, 463; United States v. Williamson, 23 Wall., 411; United States v. Lawson, 101 U. S. R., 164; United States v. Ellsworth, 101 U. S. R., 170; Hall v. Wisconsin, 103 U. S. R., 5; Allstaedt’s Case, 3 C. Cls. R., 284; Patton’s Case, 7 C. Cls. R., 362; Sleigh v. United States, 9 C. Cls. R., 369.)
It makes no difference that in some of these several appoint- . ments the reduction of compensation below the amount allowed ; by law was attempted to be effected by a limitation of the amount to be paid in the year. The law does not pay the in-i spectors by the year, but by the day. “ Each inspector,” says { section 2733, Rev.'Stat., “shall receive for every day he shall { be aetually'emi>loyed in aid of the customs, three dollars.” If ¡ the appointment had provided for his discharge when the compensation at the legal rate a day reached a specified sum, a »; different question might have arisen. It did not, however, so provide, nor was he so discharged.
The court is of the opinion that so long as his time and service ran on, so long his pay at the legal rate, $3 a day, accumulated.
It is true that in 1880 the claimant was appointed deputy collector, and at some other period of service as deputy collector and inspector, and that by section 2634, Rev. Stat., the Secre *118 tary is authorized to limit and fix the compensation of deputy collectors; but section 2738 also provides that “all aids to the revenue, or others performing the duties of inspector of customs in any collection district, shall be paid the same per diem- compensation as inspectors of customs.”
The court has found (Finding iii) that the claimant during all his terms of service performed the duties of an inspector, and he is therefore entitled to an inspector’s pay.
Monthly vouchers were drawn up, reciting the number of days the claimant was employed during the month and the amount of compensation allowed by the collector and Secretary, ending with a receipt “in full for compensation for the period above stated,” which the claimant signed.
We do not think he thereby relinquished his right to claim the further compensation allowed by law. If the appointing officer has no power to change the compensation of an inspect- or, certaintly the paying officer has not. He had no right to exact such a receipt and the claimant lost nothing by signing it. (Fisher’s Case, 15 C. Cls. R., 323; Bostwick v. United States, 94 U. S. R., 53.)
Upon these principles the court finds there is still due the claimant $804.85, and judgment will be entered in his favor for that amount.
At the same time the following opinion was delivered and judgment was rendered in the case of Bradford:
Scofield, J.,
delivered the opinion of the court:
The principles decided in the case of Elisha A. Adams, ante, • govern this case. Í
The claimant held an office in the customs-revenue service at Portland, Me., from November 30, 1875, to December 1, 1877, ¡ by virtue of an appointment of the collector approved by the Secretary of the Treasury.
During this period of service he was successively designated • as inspector, night-watchman, and night-inspector, but under each and all of these titles he was required to perform, and did perform, the duties of an inspector. He was actually employed in these duties seven hundred and thirty-one days, and was paid only at the rate of $2 a day, though he gave receipts “ in full.” By section 2733 of the Revised Statutes an inspector’s compen- *119 sationis $3 a day; and by section 2738 all persons performing the duties of an inspector are entitled to an inspector’s pay.
We bold, as we beld in the Adams Case, that neither the appointing nor the paying officer, unless specially authorized so to do, has power to reduce or change the compensation allowed by law to any other officer of the government.
The claimant was entitled to claim $1 a day for the seven hundred and thirty-one days’ service more than he was paid.
Judgment will be entered in his favor for $731.