Atkinson, J.,
delivered the opinion of the court:
The petition in this case alleges that the claimant was from January 1, 1905, to February 13, 1905, both inclusive, employed in the office of the Auditor for the State and other Departments of the United States Treasury at a salary of $1,800 per annum, and that on February 14, 1905, he was promoted to a position in the Treasury Department at a salary of $2,000 per annum; that he took the oath of office under said promotion on February 14, 1905, and assumed the duties under said promotion on that date; that he has received compensation from February 1, 1905, to February 13, 1905, both inclusive, at the rate of $1,800 per annum, or thirteen-thirtieths of one-twelfth of $1,800 per annum, or $65, and for the period from February 14 to February 28, 1905, both inclusive; that he demanded compensation for seventeen-thirtieths of one-twelfth of $2,000 per annum, but he has received only fifteen-thirtieths of one-twelfth of $2,000 per annum, or $83.33, making a total of $148.33 as a full month’s salary, or an amount less than he would have received had he not been promoted, and had he been paid his salary at the rate of $1,800 per annum, and payment of the balance claimed by him, to wit, two-thirtieths of one-twelfth of $2,000, or $11.11, was withheld from him and payment thereof refused, and no part of the same has been paid to him or to anyone for him.
The only question before the court is the construction of section 4 of the act of April 8, 1904 (33 Stat. L., 513), which is in the following language:
“ That the annual compensation of officers, agents, and employees of the United States for services rendered subsequent *454 to June 30, 1904, shall be divided into twelve equal installments, one of which shall be the pay for _ each calendar month; aild in'making payments for a fractional part of a month, one-thirtieth of one of such installments, or of a monthly compensation, shall be the rate to be paid for each day. For the purpose of computing such compensation each and every month shall be held to consist of thirty days, without regard to the actual number of days in any month, thus excluding the 31st day of any month from the computation, and treating February as if it actually had thirty days.”
The Comptroller of the Treasury has construed' this section adversely to claimant’s contention, basing his decision upon that portion of the act which reads as follows: “And in making payments for a fractional part of a month one-thirtieth of one of such installments, or of a monthly compensation, shall be the rate to be paid each day.” He holds that: “ The law provides a fixed sum for an entire month’s service, and likewise a fixed sum for a day’s service, but it does not provide that an actual rate for actual service shall be paid for imaginary days, either at one end or the other of the month of February.”
The contention of the claimant is that under the act above quoted he is entitled to a full month’s compensation for the month of February; or, in other words, having received his full compensation for the first thirteen days of that month at the rate of $1,800 per annum, settled on the basis of thirteen-thirtieths of one-twelfth of $1,800, he insists that he is entitled to seventeen-thirtieths of one-twelfth of $2,000, being-compensation for the remaining portion of the month at the salary provided for the position to which he had been promoted. “
The language of the statute is clear. It provides that the annual compensation of officers, agents, and employees of the United States for services rendered after June 30, 1904, shall be divided into twelve equal installments, one such installment to be the pay for each calendar month, one-thirtieth of one such installment to be the rate of pay for each day; and for the purpose of computing such coihpensation each and every month shall be held to consist of thirty days, without regard to the actual number of days in any month, excluding *455 the thirty-first day of any month and treating February as if it actually had thirty days.
It follows, therefore, that the computation of the claimant’s salary for the month of February, 1905, should have been upon the basis of a thirty-day month, in accordance with the statute.
When an officer or employee of the Government serves only for a fractional part of a month and resigns or is discharged from the public service, he is entitled to pay only for the fraction that he has served.
It is well settled that where an office has been created by law and a person duly appointed to it has qualified and entered upon the discharge of his duties he is entitled during his incumbency to be paid the salary prescribed by the law, and neither the appointing power nor the accounting officers have control over the salary, either to increase or diminish it. (Adams's case, 20 C. Cls. R., 115; Glavey v. United States, 182 U. S. R., 595.)
The judgment of the court is that the plain till be awarded the sum of $11.11, the amount.claimed in his petition.