STATE *ex rel.* BRADY, *County Attorney,* v. FREAR, *Judge.*

No. 211.   Opinion Filed June 22, 1908.

(96 Pac. 628.)

JUDGES—Compensation—County Courts. The compensation of judges of the county courts in counties with a population of less than 20,000 (Const. Schedule, section 18; Bunn's Ed. section 467) is as covered by section 1, chapter 14, page 161, Session Laws Okla. 1903, permitting such judge to retain a certain stipulated salary out of the fees received by him in that capacity.

(Syllabus by the Court.)

Petition by the state, on the relation of Edward Brady, county attorney, for writ of mandamus to Theo D. B. Frear, judge of the county court of Craig county.   Writ granted.

This action was commenced in this court by filing a petition for a writ of mandamus on the 15th day of May, A. D. 1908, on the part of the relator.   Thereupon the respondent entered his appearance, and waived the issuance of the alternative writ, and interposed a demurrer herein, alleging that the petition did not state facts sufficient to justify the relief prayed for.

It is alleged that the respondent is the regularly and legally elected and acting judge of the county court of Craig county, in the state of Oklahoma, and has been since the 16th day of November, A. D. 1907, and that as the judge of said court he is entitled to receive fees for his service rendered; that since said date he has received fees in excess of the amount allowed him by law as his salary; that it is the duty of the judge of said court on the first Monday in January, and the first Monday after the first Tuesday in April, and the first Monday in July and October of each year, to make out and present to the board of county commissioners a detailed statement of all fees received by him during the preceding quarter, together with the amount of fees earned which remained unpaid, which report shall be made under oath and filed with the

county clerk of said county, and that it is also his duty at the time of making the aforesaid quarterly reports to pay into the treasury of said county all moneys received by him, or his deputies, as fees for the three months immediately preceding the filing of such report, in excess of the amount allowed by law as his salary; and that the aforesaid respondent, as judge of said county court, failed to file a quarterly report on the first day of January, A. D. 1908, as required by law, and failed and refused to pay into the treasury of said county any money received as fees in excess of the amount allowed by law as his salary during said time; that on the 13th day of April, A. D. 1908, the said respondent filed a report with the county clerk of said county of fees received by him as judge of said county court, covering the period of time from the 16th day of November, A. D. 1907, up to the 1st day of April, A. D. 1908, which report shows as follows: Total amount of fees earned $3,628.85; total amount of fees received $1,822.25; total amount of fees earned which remained unpaid $1,806.60.

Relator further alleges that the aforesaid county of Craig, state of Oklahoma, has a population of less than 20,000, to wit, about 18,000, and according to said population the judge of said court is entitled to receive fees to the amount of $1,600 as his salary, and an additional $300 as clerk hire, and that at the time of making his quarterly report the judge of said county should have paid into the county treasury the sum of $1,109.75; that the said board of county commissioners of Craig county have demanded of respondent, judge of said court, that he pay into the treasury of said county all fees received by him from the 16th day of November, A. D. 1907, up to the 1st day of April, A. D. 1908, in excess of the salary due to him as such judge, as provided in section 1, c. 14, p. 161, Sess. Laws Okla. 1903, which said respondent has failed and refused to do.

Relator further alleges that there is no other plain, adequate, or speedy remedy by which the performance of the aforesaid legal duty may be enforced upon the said respondent.

*Edward H. Brady, Co. Atty.,* for relator.

*Theo. D. B. Frear, pro se.*

WILLIAMS, C. J. (after stating the facts as above). The question presented here is whether or not the respondent is entitled to retain all the fees of said office, or to retain only so much thereof as amounts to $1,600 as his compensation, and, in addition thereto, $300 for clerk hire, the excess to be paid into the treasury of the county.

Section 1, c. 14, p. 161, Sess. Laws Okla. 1903, provides that the probate judge shall be permitted, and is authorized, to retain out of the fees for services rendered by him as such judge as his actual salary in counties of over 18,000 inhabitants $1,600, and, further, that in counties having a population of from 15,000 to 20,000 inhabitants he may retain in addition thereto $300 for clerk hire.

Section 3003, Wilson's Rev. & Ann. St. 1903, requires the probate judge to keep an account of all fees for services rendered by him in a book for that purpose, showing the title or style of the action in which such service was rendered, the name of the person for whom rendered, the amount charged and the amount received, from whom and for what purpose, and the date thereof. The footing for each month at the close thereof shall be legibly and correctly entered in said book opposite the month during which the same should have been charged, showing the amount received, the amount charged, and the amount remaining due and unpaid. Section 3004, *supra,* further provides that it shall be the duty of the probate judge to make out and present to the board of county commissioners, for each quarter, a detailed statement of all fees received by him during the preceding quarter, and file the same with the county clerk; and, further, than on the first Monday of January, and the first Monday after the first Tuesday in April, and the first Monday of July and October of each year, shall make out and present to the board of county commissioners a detailed statement of all the fees received by him during the preceding

quarter, together with the amount of all fees earned which remain unpaid, which report shall be made under oath and filed with the county clerk.

Section 18 of the schedule to the Constitution (Bunn's Ed. § 467) is as follows:

"Until otherwise provided by law, the terms, duties, powers, qualifications, and salaries and compensation of all county and township officers, not otherwise provided by this Constitution, shall be as now provided by the laws of the Territory of Oklahoma for like named officers, and the duties and compensation of the probate judge under such laws shall devolve and belong to the judge of the county court * * *: And provided further, that county attorneys and judges of the county court of the several counties of the state having a population of more than twenty thousand shall be paid a salary of $2000.00 per annum, and of counties having a population of more than thirty thousand a salary of $2500.00 per annum, and of counties having a population of more than forty thousand a salary of $3000.00 per annum. Such salaries are to be paid in the same manner as provided by the laws now in force in the territory of Oklahoma for the payment of salaries of county attorneys."

Section 3027a, Wilson's Rev. & Ann. St. 1903, provides that county attorneys of the several counties in the territory of Oklahoma shall be allowed by the board of county commissioners as compensation for their services a salary, or certain designated amount, varying with the population of the counties. The office of a schedule to a constitution is intended to be temporary only, and it is transitory and legislative in its nature. Sections 2 and 18 of the schedule, when construed together, clearly indicate the intention of the constitutional convention; said section 2 providing that all laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to that Constitution, and which are not locally inapplicable, shall be extended to and remain in force in said state of Oklahoma until they expire by their own limitation, or are altered or repealed by law. Now, except as such laws may be affected by said section 18 as to the duties and compensation of the probate

judges under the laws of the territory of Oklahoma, the same devolve upon and accrue to the judges of the county courts of the state. What were the duties of the probate judges of the territory of Oklahoma? See section 3004, Wilson's Rev. & Ann. St., supra. What was the compensation of the probate judges under said territory? See section 1 of article 14 of the Session Laws of the Territory of Oklahoma, supra. Wherein are said two sections repugnant to the Constitution or locally inapplicable? Certainly not, except as to counties having a population of more than twenty thousand.

But the contention is made that compensation covers all the fees paid for services rendered in an official way. The word "compensation" is presumed to have been used in said section 18 with the same meaning that the same is used in the laws of the territory of Oklahoma relative to the compensation of officers of like character. Section 3027a, Wilson's Rev. & Ann. St. 1903. In said section it is stated that county attorneys shall be allowed by the board of county commissioners as compensation for their services a salary. We look at an entire instrument, and compare all parts therein, with a view of ascertaining the meaning thereof. In section 1, c. 14, p. 161, Sess. Laws 1903, supra, in all counties with over 18,000 inhabitants the probate judge is permitted to retain the salary of $1,600 out of the fees. The constitutional convention, considering the duties of the county judges in counties with over 20,000 and up to 30,000 inhabitants, provided that they should have a salary of $2,000 per annum. Could it be reasonably said that said convention intended that as to counties with a population of over 18,000 and up to 20,000, if the fees amounted to say $10,000 per annum, that the county judge in such counties should receive that amount as compensation, when in counties of 20,000 inhabitants he would in no event receive over $2,000 per annum? We think not.

We accordingly conclude that the compensation of the county judges in counties whose population do not exceed 20,000 people

should be the salary provided in section 1, c. 14, Sess. Laws Okla. 1903 *supra.* It necessarily follows that the relator is entitled to the relief prayed for.

Let the peremptory writ issue.

All the Justices concur.