## BOARD OF COUNTY COMMISSIONERS OF GREER CO. v. HENRY *et al.*

No. 3332.    Opinion Filed May 14, 1912.

Rehearing Denied June 27, 1912.

(126 Pac. 761.)

COUNTIES—Officers—County Attorney—County Clerk—Salaries. At the time of the adoption of the Constitution, the salary of the county attorney elected at that time, being fixed at $2,000 per annum by section 18 of the Schedule, because of article 23, section 10, of the Constitution, cannot be changed during his term of office, and was not reduced by a decrease in the population of the county, ascertained according to a census taken pursuant to the act of April 8, 1908 (Laws 1907-08, c. 9, art. 1). Nor was the salary of the county clerk, elected at the same time, nor the $600 allowed him for clerk hire thereby reduced, being fixed by act of March 10, 1905 (Laws 1905, c. 19, art. 1), extended to and put in force throughout the state. But the latter, being no part of his salary, could be and was raised by the act of May 29, 1908 (Laws 1907-08, c. 25, art. 1), allowing the clerk for clerk hire $800.

(Syllabus by the Court.)

*Error from Greer County Court;*
*Charles H. Eagin, Judge.*

Action by H. D. Henry and others against the Board of County Commissioners of Greer County. Judgment for plaintiffs, and defendant brings error. Affirmed on conditions.

*J. L. Carpenter,* for plaintiff in error.

*H. D. Henry* and *Tisinger, Clay & Robinson,* for defendants in error.

TURNER, C. J.    On March 7, 1911, H. D. Henry, defendant in error, sued the board of county commissioners of Greer

county, plaintiff in error, in the county court of Greer county, for $722.91.  His petition substantially states that on September 17, 1907, he was duly elected, and on November 18, 1907, duly qualified, as county attorney of said county; that at said time the population of said county was in excess of 22,000 and that his salary, being fixed on a basis of population, was $2,000 per annum; that said salary was paid him from that time up to and including June 30th, 1909; that from July 1st, 1909, up to and including June 17, 1910, he was paid a salary at the rate of $1,250 per annum; that he should have been paid a salary of $2,000 per annum, and prayed judgment for $722.91, the difference between the two amounts, a claim which he says has been rejected by the county commissioners.   For answer defendant, after pleading a general denial, specifically admitted the facts set forth in the petition, and that plaintiff's term of office expired January 11, 1907, and further alleged that on May 22, 1909, an election was held pursuant to law, the result of which was that Harmon county was carved out of Greer county, and created on June 2, 1909, pursuant to the proclamation of the Governor; that on May 5, 1909, said board, pursuant to law, caused to be taken a census of the remaining portion of Greer county as it would be when Harmon county was organized, and, after ascertaining the population thereof to be 15,666, filed a correct certificate of said census with the Secretary of State; that the object of said census was that said board might know what compensation the county officers of Greer county, including plaintiff, would be entitled thereafter to receive; that the population of Greer county on June 1, 1909, being as stated and less than 20,000, the compensation of the county attorney was $1,250 per annum, which had been paid up to and including June 17, 1910, and that, there being no salary due him under the Constitution and laws of the state, asked to be discharged.

On May 22, 1911, Floyd McNeill, defendant in error, by leave intervened, setting up a similar state of facts, except that he was elected at the same time county clerk of Greer county, with compensation fixed by law at $1,600 per annum salary and $800 per annum for clerk hire, making $2,400 per annum which

he received up to June 30, 1909; that at that time the county commissioners, by reason of the reduction in population to 15,666, wrongfully reduced his salary to $1,300 per annum, and to $500 per annum for clerk hire, making $1,800 per annum which was paid him up to and including June 17, 1910, and sues for $634, $300 of which being the difference between $800 allowed and what he received. The issues joined with him by answer were substantially the same as the issues joined with the county attorney. On this state of the pleadings there was judgment for the plaintiff and intervener for the respective amounts claimed, and the board of county commissioners brings the case here.

It is assigned that the court erred in rendering judgment on the pleadings in favor of defendants in error. Whether such was error depends upon a proper construction of article 23, section 10, of the Constitution and section 18 of the Schedule.

In *Guldin v. Schuylkill County*, 149 Pa. 210, 24 Atl. 171, the court said:

"It is a familiar canon of construction that one part of a statute must be so construed that the whole may, if possible, stand; and this is equally applicable to the construction of the organic law of the commonwealth. A single provision may not be selected out of several relating to the same subject, and full, literal meaning given to its words without reference to the qualifying effect of other provisions, and thus produce an apparent repugnance of one provision to another. On the contrary, all the provisions relating to a particular subject, and all others qualifying such provisions, no matter where they may stand in the Constitution, are to be grouped together, when considering such subjects, and so read that they may blend or stand in harmony, if that can be done without violence to the language."

That the salaries of defendants in error could not be lowered after their election and during their term of office is made apparent by coupling those sections together in their inverse order with the word *but*. Stripped to the point and so considered they read:

"Until otherwise provided by law, the * * * salary * * * of all county * * * officers, * * * shall be as now provided by the laws of the territory of Oklahoma, for like named officers. * * * Provided, further, that county attorneys * * * of the several counties of the state having a population of more than twenty

thousand shall be paid a salary of two thousand dollars per annum," (but) "except wherein otherwise provided in this Constitution, in no case shall the salary or emolument of any public official be changed after his election or appointment, or during his term of office. * * * "

The latter section, operating, as it does, as a limitation upon the lawmaking power contained in the former, should be read in connection therewith. This was the method of construction adopted in the Guldin case, *supra.* The plaintiff was elected to the office of coroner of Schuylkill county at the general election in 1889, and entered upon the discharge of his duties as such in January, 1890. At that time the population of the county was less than 130,000. The first federal census taken as of June, 1890, placed the population at over 150,000. Out of these facts arose the question whether plaintiff, on this increase of population, became subject to the provisions of March 31, 1876 (P. L. 13), passed carrying into effect article 14, section 5, of the Constitution, or whether he was entitled to continue to receive the fees prescribed by law to be paid him at the time of his election. The court, after saying that the solution of this question depended upon a proper construction of said section, which reads, "The compensation of county officers shall be regulated by law," and that "in counties containing over 150,000 inhabitants all county officers shall be paid by salary," construed with article 3, section 13 of the Constitution, which reads, "No law shall extend the term of any public officer or increase or diminish his salary or emolument after his election or appointment," said:

"The subject now under consideration is the compensation of county officers. The mandate of section 5 of article 14, which relates to that subject, is that such compensation shall be regulated by law. Any limitation upon the lawmaking power upon this subject, though appropriately placed in the article upon legislation, would necessarily be a qualification of this mandate, and should be read in connection with it. Such limitation is found in section 13 of article 3, which ordains that 'no law shall extend the terms of any public officer, or increase or diminish his salary or emolument, after his election or appointment.' Reading so much of the two sections as relate to the subject under consideration together, they are literally as follows: 'The compensation

of county officers shall be regulated by law, [and] in counties containing over 150,000 inhabitants all county officers shall be paid by salary; [but] no law shall increase or diminish his [a public officer's] salary or emoluments after his election or appointment.' No paraphrase of this language can make it any plainer as applicable to the present case. When the plaintiff was elected to the office of coroner of Schuylkill county, the emoluments of that office were certain fees prescribed by law. At that time the salary act of 1876 had no application to him or to his office. To give it such application after part of his term had expired, and thereby take away his fees and substitute therefor a salary less than the aggregate amount of the fees authorized when he accepted the office, is to diminish his emoluments by law after his election, and the result is precisely the same as it would have been if the law had been passed after his election."
—and reversed the cause and entered judgment for plaintiff, upon his case stated, for his fees.

See, also, *Welsh v. R. H. Bramlet,* 98 Cal. 219, 33 Pac. 66; *Kehn v. State of N. Y.,* 93 N. Y. 291; *Jacobs v. United States,* 41 Ct. Cl. 452; *Board of County Com'rs v. Burns,* 3 Wyo. 691, 29 Pac. 894, 30 Pac. 415; *Guthrie v. Board of County Com'rs,* 7 Wyo. 95, 50 Pac. 229.

We are therefore of opinion that when Harmon county was carved out of Greer county, and the board of county commissioners of Greer county, pursuant to the act of April 8, 1908, (Laws 1907-08, c. 9, art 1), took the census and ascertained the same to be 15,666, this did not, by operation of law, reduce the salary of the county attorney, during his term of office, from $2,000 to $1,250 per annum, the salary fixed by Wilson's Rev. & Ann. St. 1903, sec. 3027a, for county attorneys in counties of that population, nor reduce the salary of interpleader as county clerk, and that the court did not err in so holding and rendering judgment on the pleadings accordingly.

But what we have said, while it applies to the salary, does not apply to the amount allowed the county clerk for clerk hire. At the time of the admission of the state, Greer county having a population of over 22,000 and less than 30,000, section 18 of the Schedule fixed the salary of intervener at $1,600, and allowed him $600 for clerk hire, as prescribed by the act of March

10, 1905 (Laws 1905, c. 19, art. 1), extended to and put in force throughout the state. While we have just held that this salary of $1,600 could not be raised or lowered during intervener's term of office, which expired January 9, 1911, such we cannot hold with reference to the $600 for clerk hire, which, being no part of his salary, and the person hired having no term (*Board of County Com'rs v. Hart,* 29 Okla. 693, 119 Pac. 132, 37 L. R. A. [N. S.] 388), could be raised or lowered at any time by act of the Legislature. While no act of the Legislature complained of attempted to lower his salary, the act of May 29, 1908 (Laws 1907-08, c. 25, art. 1), raised the allowance for clerk hire to $800. While the result of the census showing the population of the county to have decreased to 15,666 had no effect upon the allowance for clerk hire, said act of May 29, 1908, *supra,* did, and raised it $200.

As intervener concedes he has recovered too much, and is willing to enter a *remittitur,* the cause is reversed and remanded, with directions to figure his allowance for clerk hire from Nov. 16, 1907, up to the act of May 29, 1908, at $600, as provided in that act, and thereafter figure it as therein provided up to June 17, 1910. Should intervener enter a *remittitur* down to the amount thus ascertained to be due and payable to him for clerk hire, the judgment will then be thus modified and affirmed; otherwise the court is directed to grant a new trial as to him. In all other respects, the judgment of the trial court is affirmed.

KANE and DUNN, JJ., concur; WILLIAMS, J., concurs in the result; HAYES, J., not participating.