## BOARD OF COM'RS OF BEAVER COUNTY v. CULWELL *et al.*

### No. 3616.    Opinion Filed March 24, 1914.

#### (139 Pac. 979.)

**OFFICERS—County Judge—Salary—Increase.** Beaver county having a population of more than 10,000 and less than 15,000, the salary of the county judge elected for the term commencing November 16, 1907, and "ending on the day next preceding the second Monday in January, 1911" (sec. 11, art. 7, Williams' Const. Okla.), was fixed at $1,200 per annum (sec. 11, c. 15, Sess. Laws 1897, and section 18, article 25, Williams' Ann. Const. Okla.), and such judge could not claim an increase of salary under the act of June 4, 1908 (Sess. Laws 1907-08, c. 27, art. 3, sec. 1), on account of the constitutional provision (section 10, article 23) forbidding the increase of salary "during the term of his office," and for the further reason that it appears from the act of June 4, 1908, that it was not intended for the benefit of "present incumbents," and does not bring him within the limitation "until otherwise provided by law," set out in section 18 of article 25, Williams' Ann. Const. of Okla.

(Syllabus by Galbraith, C.)

*Error from District Court, Beaver County;*
*Theodore Pruett, Special Judge.*

Action by the Board of County Commissioners of Beaver County against J. W. Culwell and others. Judgment for the plaintiff, and plaintiff brings error. Reversed and rendered.

*John A. Spohn* and *Phillip E. Winter,* for plaintiff in error.

Opinion by GALBRAITH, C. This action was commenced in the district court of Beaver county against J. W. Culwell, who was county judge of said county from November 16, 1907, to June 19, 1909, and the sureties on his official bond, to recover a balance which it was alleged he had retained from the fees of his office over and above the amount due him as salary. There was a trial by agreement before the court, and a judgment rendered for the county in the sum of $152.12. To reverse this judgment, the county has perfected an appeal to this court.

There is but one question presented on this appeal, and that is whether or not the act of the Legislature of June 4, 1908,

which provided for an increase of the salary of county judges in the state, authorized the defendant Culwell to claim the increased salary allowed by this act after its passage; or did his salary remain as fixed by the laws of Oklahoma at the time of his qualification? The finding is that Culwell collected as fees from the office, between November 16, 1907, and June 19, 1909, the total sum of $3,424.98; that he paid into the county treasury $548.86, and paid out for clerk hire $501.50, and retained the balance of $2,374.62 as his salary. It is also found that the receipts of said office between November 16, 1907, and June 19, 1909, did not exceed $1,200 per annum, and that the population of the county was more than 10,000 and less than 15,000. The court found, as a conclusion of law, that Culwell was entitled to $1,200 per annum salary for the period between November 16, 1907, and June 4, 1908, and $1,500 per annum from·June 4, 1908, to June 19, 1909, and could retain the amount of his salary out of the earnings of his office, and that the total salary due him from November 16, 1907, to June 19; 1909, was $2,222.50, and rendered judgment against the defendant and his sureties for the difference between this amount and the total amount of the receipts, being about $152.12.

The defendant Culwell was elected county judge of Beaver county for a term commencing November 16, 1907, and ending "at the close of the day next preceding the second Monday in January, 1911." Section 11, art. 7, Williams' Ann. Const. Okla.

Section 10, art. 23, of Williams' Ann. Const. Okla. reads:

"Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed: Provided, that all officials within this state shall continue to perform the duties of their offices until their successors shall be duly qualified."

The salary of the defendant Culwell as county judge of Beaver county, at the time of his election, was fixed by law at $1,200. Section 11, c. 15, Session Laws 1897.

"Until otherwise provided by law, the terms, duties, powers, qualifications and salary and compensation of all county and township officers, not otherwise provided by this Constitution, shall be as now provided by the laws of the territory of Oklahoma for like named officers, and the duties and compensation of the probate judge under such laws shall devolve upon and belong to the judge of the county court." (Section 18, article 25, Williams' Ann. Const. Okla.)

The act of June 4, 1908 (Sess. Laws 1907-08, c. 27), was not passed "prior to the election" of the defendant Culwell to the office of county judge of Beaver county; hence the provisions of section 10, art. 23, above quoted, forbidding the increase of his salary "during the term of his office," would render this act of the Legislature ineffective, so far as this defendant is concerned, unless it was clear that the subsequent act was intended for the benefit of "present incumbents," so as to bring these within the limitation "until otherwise provided by law," set out in section 18 of the Constitution above quoted. However, it does appear that the Legislature did not intend the increase in salary to apply to county judges then in office; for it is provided in section 1, art. 3, of said act as follows:

"Provided, this shall not affect the salary of present incumbents where fixed by the Constitution during their present term of office."

Culwell was a "present incumbent," and his salary was fixed by the Constitution (section 18, art. 25), and therefore he was excluded from claiming the benefit of this act, and his salary remained as it was fixed at the commencement of his term. The court below erred in holding to the contrary. *State ex rel. Brady v. Frear, County Judge,* 21 Okla. 397, 96 Pac. 628; *Harris Finley v. Territory of Oklahoma,* 12 Okla. 621, 73 Pac. 273; *State v. Hooker,* 26 Okla. 460, 109 Pac. 527; *Moore v. Nation,* 80 Kan. 672, 103 Pac. 107, 23 L. R. A. (N. S.) 1115, 18 Ann. Cas. 397.

No question is raised about the right of the county to have the defendant Culwell account for the balance of the fees retained by him in excess of the amount due him as salary.

We conclude that the court below was in error in allowing him his salary at the rate of $1,500 per annum for any part of his term, and that his salary for the entire time served should be calculated at the rate of $1,200 per annum, and that the judg-ment appealed from should be reversed, and the cause remanded to the district court of Beaver county, with directions to calculate the salary of Culwell as county judge from November 16, 1907, to June 19, 1909, at the ·rate of $1,200 per annum, and credit the sum of $2,374.63 retained by him as salary, and render judgment against the defendants in error and in favor of the plaintiff in error for the balance, with interest thereon from the date the same should have been paid, June 19, 1909.

By the Court: It is so ordered.