## HAMILTON *et al.* v. BOARD OF COM'RS OF GRANT COUNTY.

No. 3912.   Opinion Filed November 17, 1914.

(144 Pac. 386.)

**CLAIM ILLEGALLY ALLOWED AND PAID—Recovery by County.**
Syllabus the same as in **Orendorff v. Board of Commissioners of Grant County, ante,** 144 Pac. 386.

(Syllabus by Galbraith, C.)

*Error from District Court, Grant County;*

### W. M. Bowles, Judge.

Action by Board of Commissioners of Grant County against E. B. Hamilton and others.   Judgment for plaintiff, and defendants bring error.   Affirmed.

*J. B. Drennan* and *F. G. Walling,* for plaintiffs in error.

*Emery H. Breeden,* for defendant in error.

Opinion by GALBRAITH, C.   The writ of error in this case was sued out to review the judgment of the district court of Grant county rendered against E. B. Hamilton, and the sureties on his official bond, as a member of the board of commissioners of that county, which official position he held from the 16th of November, 1907, to January 9, 1911. A suit was instituted by the board of commissioners of Grant county, charging a breach of the bond on the part of Hamilton; that he neglected to faithfully discharge his official duties, in this:   In that he presented certain illegal and unauthorized claims against the county and caused them to be allowed by the board of commissioners in his favor—and prayed for judgment in the aggregate amount of those claims.

There are sixteen counts in the petition, each setting out the presentation and allowance of a claim that was charged not to be

a lawful claim against the county, and the allowance and collection of such claim. The first count charged the presentation of a salary claim for $5 more than was due. The second count charged the presentation of a claim for $17.50 for traveling expenses to Guthrie. The third count charged the collection of a claim for $118, being made up of several items, $30 for expenses in purchasing a poor farm, and $18 expenses to Guthrie, and $25 expenses in moving records and renting county offices, and $45 overcharge on bridge work. The fourth charged the collection of a claim for $78.93 for services and expenses in procuring plans for courthouse, and the fifth charged the collection of an expense account of $15 on a trip to Guthrie. The sixth also charged the collection of an expense account of $9.50, expenses on a trip to Guthrie. The seventh charged the collection of an account of $69 for 23 days' ditch work at $3 per day. The eighth charged an expense charge of $9 on an account of bridge work. The ninth charged the collection of an expense account of $12 on a trip to Guthrie. The eleventh charged the collection of an account for salary and expenses in overseeing work on courthouse and county farm and poorhouse, for 52 days at $1.50 per day, $68, expenses for team and self 52 days at $2 per day, $104, total $172. The twelfth charged the collection of an expense account of $3.18 for a trip to Enid. The thirteenth charged the collection of an account for overseeing the construction of the courthouse and jail at Medford, car fare from Pond Creek to Medford $62, board and lodging $182, livery and feed bill $244, total $488. The fourteenth charged the collection of an account for $10.50 for insane work and expenses to and from poor farm. The fifteenth charged the collection of $15 on expense account for road and bridge work. The sixteenth charged the collection of salary at the rate of $500 per year from the 24th of August, 1908, to January 9, 1911, when he was only entitled to $300 per year under the law as fixed at the time of his election and qualification, and that this excess salary amounted to $476.46. These several items aggregate $1,656.19, for which amount judgment was prayed, together with interest at 6 per cent. per annum from

the date of the allowance of each of the several claims.

A general demurrer was filed to this petition, which was by the court overruled. The defendants then answered separately each paragraph of the petition, setting out the justification for the allowance of the claim therein referred to. The answer was practically the same as that made by the defendants in case No. 3906, *ante (Zeigler v. Board of Com'rs of Grant County)*, and reference is hereby made to the opinion in that case filed herewith, without repeating in detail the provisions of the answer. Plaintiff demurred to the answer in this case as in case No. 3906, *ante;* the court sustained the demurrer in part and overruled it in part. The demurrer was sustained to the second, fourth, fifth, sixth, eighth, ninth, tenth, twelfth, and thirteenth paragraphs of the answer. The court overruled the demurrer to the seventh and sixteenth paragraphs of the answer, and overruled it in part and sustained it in part as to the fourteenth paragraph, the same as in case No. 3906, *ante,* and the defendants refusing to plead further, and electing to stand on their answer, the court rendered judgment against them in the sum of $833.23 and $5.23 costs.

The same assignments are made in this case as in No. 3906, *ante,* and for the reasons given in that opinion we recommend that the judgment appealed from in this case be affirmed.

By the Court: It is so ordered.