PRIVETT, *Register of Deeds, et al. v.* BOARD OF COM'RS

OF GRANT COUNTY.

No. 3895. Opinion Filed December 22, 1914.

(145 Pac. 323.)

1.  **REGISTERS OF DEEDS—Action on Bond.** The action of a board of county commissioners, settling reported accounts of the county register of deeds, is not a bar to an action against such register and his bondsmen for fees collected and misappropriated by him.

2.  **OFFICERS — Register of Deeds — Compensation — Amount —Change During Term.** A register of deeds, who was elected in 1907, and held office from November 17, 1907, to January 9, 1911, was entitled to compensation under Laws 1897, c. 15, sec. 17 (section 3382, Comp. Laws 1909) throughout his term, notwithstanding the Act of March 19, 1910 (Laws 1910, c. 69, sec. 3), purporting to put a different measure of compensation into effect on and after June 17, 1910, as section 10, art. 23 (Williams' Ann. Ed., sec. 359), of our Constitution inhibits any change in the salary or emoluments of a public officer during his term.

(Syllabus by Thacker, C.)

*Error from District Court, Grant County;*

*W. M. Bowles, Judge.*

Action by the Board of County Commissioners of Grant County against E. P. Privett, Register of Deeds, and his bondsmen, for fees collected and unpaid to county. Judgment for plaintiff, and defendants bring error. Reversed and rendered.

*Sam P. Ridings,* for plaintiffs in error.

*Emery H. Breeden,* for defendant in error.

Opinion by THACKER, C. Plaintiffs in error will be designated as defendants and defendant in error as plaintiff, in accord with their respective titles in the trial court.

The plaintiff county, by its board of county commissioners, brought this action against E. P. Privett, its register of deeds, from November 17, 1907, to January 9, 1911, as principal and

his codefendants, as his sureties, upon his official bond for $552.72 and recovered thereon $474.12 upon items of its demand as shown by the following quotations from the journal entry of judgment:

That there is due on report 12-31-07............................$ 64.15
That there is due from chattel mortgages not reported.... 21.00
That there is due on error in addition on reception records and reports.........................................: 42.47
That there is due fees for November, 1910, not paid into the county treasurer....:...... ........................ 346.50
                                                          ─────────
                                                          $474.12

The action of the plaintiff's board of county commissioners in approving the accounts of said register under section 1838, St. of Okla. 1890 (section 1645, Rev. Laws 1910), from which no appeal was taken, is not a bar to this action. *Anderson v. Board of Commissioners, ante,* 143 Pac. 1145; *Huntington et al. v. Board of Commissioners, ante,* 144 Pac. 385; *Zeigler v. Board of Commissioners, ante,* 144 Pac. 381; *Orendorff v. Board of Commissioners, ante,* 144 Pac. 383; *Hamilton et al. v. Board of Commissioners, ante,* 144 Pac. 386; *Russell v. Board of Commissioners, ante,* 144 Pac. 580; *Walker v. Board of Commissioners, ante,* 144 Pac. 793.

Under Sess. Laws 1897, p. 168 (section 3382, Comp. Laws 1909), enforced throughout the register's term, he was entitled to a salary of $1,600 per annum, plus 50 per cent. of the specified fees collected by him in excess of that amount, until the census of 1910 operated to raise his compensation to a salary of $2,000 per annum, plus 50 per cent. of such fees so collected in excess of that amount, notwithstanding an act of March 19, 1910, purporting to take effect on June 17, 1910, and to supersede the former law in this regard.

Section 10, art. 23 (Williams' Ann. Ed., sec. 359), of our Constitution inhibits any change in the "salary or emoluments" of a public office during the term of its incumbent; and we think there can be no doubt of the correctness of the foregoing

statement that the Act of March 19, 1910, did not affect the register's right to compensation under the former law. *Board of Commissioners of Beaver County v. Culwell et al.,* 41 Okla. 712, 139 Pac. 979; *Board of County Commissioners of Greer County v. Henry et al.,* 33 Okla. 210, 126 Pac. 761.

It follows that for the fractional quarter year prior to the first Monday in January, 1908, the register was not entitled to the $64.15 retained by him out of the fees then collected and reported by him in excess of compensation for the actual time of his service at the rate of salary and excess fees above stated; that he was not entitled to the $21 on account of chattel mortgages received and not reported; that he was not entitled to the error in his favor in addition in the reception records and reports amounting to $42.47; and that the trial court did not err in finding against the defendants for each and all these items. But the item of $346.50, for which judgment was also given, does not appear to be warranted by the pleadings and the agreed statements of facts upon which this case was tried. It appears that from the 1st day of July, 1910, to (but not including) the 9th day of January, 1911, the fees collected by the register amounted to $1,949.70, while he was entitled to $1,044.40, plus 50 per cent. of the fees collected in excess thereof, amounting to $452.65, aggregating $1,497.05; and it does not appear that he retained or received from the plaintiff, as against this sum, more than $1,364.93, including $892.43, which he received directly, and $472.50 which the plaintiff, without authority of law, paid out for him in clerk hire. The three items to which plaintiff is entitled, as aforesaid, aggregate $127.62; but it appears from the foregoing figures that after charging the defendant with this additional amount the plaintiff was indebted to him, upon a full and complete accounting, in the sum of $4.50.

The judgment of the trial court should be reversed and here and now rendered for the defendant E. P. Privett for the sum of $4.50.

By the Court: It is so ordered.