Campbell, Chief Justice,
reviewing the facts found to be established, delivered the opinion of the court:
Thomas MacMath was at the time of his death an employee in the customs service at the port of New York. His administratrix brings this action.
Plaintiff’s intestate was appointed “ assistant weigher of customs” on August 1, 1896, at a salary of $3 per diem “ when employed,” and he was appointed “ assistant weigher of customs ” on July 27, 1901, at a salary of $4 per diem “ when employed.”
On July 1, 1908, his designation of “ assistant weigher of customs ” at $4 per diem “ when employed ” was changed so that his compensation was $4 per diem throughout the year.
On May 12, 1909, plaintiff’s intestate was appointed “clerk, class 3, new office, to act as acting United States weigher,” with compensation at the rate of $1,600 per annum. The last-named appointment resulted from a reor *359 ganization recommended by the collector of the port whereby four out of five positions of United States weigher at compensation at $2,500 per annum each were abolished, and 10 “assistant weighers,” whose compensation was $4 per diem each, were app ointed, each “ clerk, class 3, new office, to act as United States weigher” at the compensation of $1,600 per annum. Thomas MacMath was one of those so appointed. When appointed said MacMath executed his oath of office “ as clerk and acting United States weigher, class 3, collector’s office, port and district of Few York,” on May 12, 1909. At the same time he signed an agreement as follows:
“ I hereby covenant and agree to and with the United States that I shall not make claim to any compensation as acting weigher, but that my compensation as clerk, class 3, shall be the limit of any claim that I may have for services rendered while in the employ of the United States under my present appointment.”
He was similarly appointed on August 16, 1911, at the salary of $1,800 per annum, and again signed an agreement like the one above quoted. He never made or filed any protest against the said action; he was regularly paid and accepted the payment of $1,600 per annum and $1,800 per annum while in office and never made any demand for other or additional compensation.
1. The plaintiff claims that her intestate was appointed to two offices, one that of “ clerk ” and the other that of “ weigher,” and that she is entitled to recover the salary of weigher at $2,500 per annum from May 12, 1909, until his death in October, 1913, in addition to the compensation that was paid him.
In no event can recovery be had of the salaries of the two offices if it be assumed that he was appointed to two offices. The salary fixed by statute, act of July 26, 1866, 14 Stats., 289, for “weighers at the port of Few York” is $2,500 per annum. By an act approved July 31, 1894, 28 Stats., 205, it is provided that “no person who holds an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars shall be appointed to or hold any other office to *360 which compensation is attached, unless specially heretofore or hereafter specially authorized thereto by law.” Without considering the effect of sections 1764 and 1765, Revised Statutes, in this connection it is manifest that plaintiff’s intestate could not lawfully have been appointed to said two offices or be paid the salary attached to both because of the prohibition contained in said act of July 31, 1894. Pack's case, 41 C. Cls., 414; United States v. Harsha, 172 U. S., 567, 572.
2. The plaintiff claims, however, that the appointment of her intestate was to the office of weigher; that he took up the duties of weigher and continued to discharge them. Admitting in argument that the Secretary of the Treasury had authority to create as many weighers as the service might require and that the power to create these positions carries with it the power to abolish them, it is contended for plaintiff that when the Secretary created ten new positions of “ acting United States weighers,” “ his act in law must be regarded as creating ten new positions of United States weighers.” It is also insisted that the plan of reorganization recommended by the collector of the port and approved by the Secretary of the Treasury was a subterfuge to evade the salary provision applicable to the office of weigher. We do not agree with either of these contentions. They are not sustained by the facts or the law.
It is well established that where an act of Congress declares that an officer shall receive a certain compensation for his services that compensation can neither be enlarged nor diminished by any regulation or order of the President or of a department, unless the power to do so is given by an act of Congress. Glavey case, 182 U. S., 595; Adams case, 20 C. Cls., 115; Jacobs case, 41 C. Cls., 452.
But the principle so announced does not aid the plaintiff. No reduction was made or attempted to be made in the salary of the office to which plaintiff’s intestate was appointed. He was not appointed United States weigher, did not take oath of office as such, and he was paid the salary attached to the office which he accepted.
The statute authorized the appointment of weighers without designating their numbers. Revised Statutes, section *361 2621. The salary of weighers at the port of New York was fixed by statute at $2,500. Section 2634, Revised Statutes, authorizes the Secretary to limit and fix, except in cases otherwise provided, the number and compensation of the clerks to be employed by any collector, naval officer, or surveyor.
There were five “ weighers ” and ten or more “ assistant weighers of customs ” at said port. The plan of reorganization of the force abolished four of the offices of weigher and changed the designation of “ assistant weigher of customs,” creating the office of “ clerk, class 3, new office, to act as acting United States weigher ” and to these latter positions ten persons, including plaintiff’s intestate, were appointed. His oath of office subscribed by said intestate in August, 1911, recited that he had been “ appointed clerk and acting United States weigher, class 4, collector’s office, port and district of New York.” He subscribed a similar oath when appointed on May 12, 1909, in class 3. At the time of taking the oath of office he executed the agreement above set forth. The claim which said agreement purports to waive is any claim to compensation as “ acting weigher.”
The Secretary was authorized to appoint weighers and to appoint clerks. To one office a statutory salary was attached and to the other the salary could be fixed by the Secretary. He could not lawfully appoint one person clerk and weigher, because the salary of the weigher was $2,500. Act of July 31, 1894, supra. It is not to be presumed that he intended to do an unlawful act or that plaintiff’s intestate in accepting the appointment participated in an unlawful act. He was certainly appointed clerk, which was an office duly authorized. Neither party thought the appointment was that of weigher.
We should construe the act of appointment in such manner as to give it validity instead of invalidity when that course can be adopted. If appointed clerk and weigher the appointment was not lawful. When appointed “ clerk, class 3, new office, to act as acting weigher,” he was appointed clerk, which was a lawful appointment. The assignment of his duties as clerk were within the Secretary’s power, and *362 the agreement made at the time of his appointment leaves no doubt that plaintiff’s intestate knew that his office was that of clerk and he accordingly agreed that he would not seek any compensation “ as acting weigher ” and that his “ compensation as clerk, class 3,” would be the limit of any claim he had for services. The plaintiff’s intestate never sought any other compensation. The facts do not bring the plaintiff’s case within the rule stated in Adam's case, 20 C. Cls., 115, Glavey case, 182 U. S., 595, Rush case, 35 C. Cls., 223, Whiting case, 35 C. Cls., 291, and Jacob's case, 41 C. Cls., 452. He was not entitled to the salary of weigher. Upon the right of the administratrix to maintain the action, the rule announced in Garlinger's case (169 U. S., 316), should, under the facts developed, be applied if the case turned upon that point alone.
The petition should be dismissed, and it is so ordered.
All of the judges concur.