## MARTIN v. BLUBAUGH et al.

No. 26760.   April 28, 1936.

Rehearing Denied May 19, 1936.

Application for Leave to File Second Petition for Rehearing Denied Sept. 22, 1936.

O. B. Martin, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendants in error.

RILEY, J. Plaintiff in error, plaintiff below, is the county attorney of Kay county, Okla. His present term of office began January 7, 1935. Herein he sought by mandamus to compel the board of county commissioners to allow his salary claim for the month of July, 1935, in the amount of $250, or at the rate of $3,000 per annum, under the view that section 18 of the Schedule to the Constitution fixed the salary of the county attorney in counties of the state having a population of more than 40,000 at $3,000 per annum, and that the said salary having been so fixed, it was not subject to being decreased by legislative act; that Kay county, having a population of more than 40,000, is governed by the provisions of the Schedule to the Constitution and not by subdivision (e), sec. 1, ch. 11, S. L. 1933, which purports to fix the salary of said officer at $2,400 per annum.

The trial court did not sustain plaintiff's view of the law, nor can we, for though it is assumed that the function of a Schedule to a Constitution is other than a transitory regulation and provision (State ex rel. Brady v. Frear, 21 Okla. 397, 96 P. 628; Arie v. State, 23 Okla. 166, 100 P. 23; Mann v. Osborne, 128 Okla. 32, 261 P. 146), it must be borne in mind that the text of the section of the Schedule (18) relied upon contemplated change by law from the provisions therein made. These words were used: "Until otherwise provided by law. * * *"

"The natural and appropriate office of the proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it unless it clearly appears to have been intended for some other matter." McKay's Estate (Nev.) 184 P. 305.

"It is to be construed in connection with the section of which it forms a part, and is substantially an exception." Id.

So construing the last proviso in the section of the Schedule cited, we find that the county attorneys and judges of the county courts of the several counties of the state having a population of more than 20,000 shall be paid a salary of $2,000 per annum; and counties having a population of more than 30,000, a salary of $2,500 per annum; and of counties having a population of more than 40,000, a salary of $3,000 per annum. These offices so provided for shall not be governed by the laws of the territory of Oklahoma otherwise applicable "for like named officers," but the said provisions of the Schedule applicable to the offices of county attorneys and judges of the county court are to endure only "until otherwise provided by law."

Since, as to the county attorney of Kay county, the Legislature has seen fit to otherwise provide by law, and the provision of law applicable reduces his salary to $2,400 per annum, payable monthly, it follows that the judgment herein must be, and the same is hereby, affirmed.

OSBORN, V. C. J., and BUSBY, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and PHELPS, JJ., absent.