CHARLES K. BACKUS v. MILTON E. CARLETON, TREAS-
URER OF WAYNE COUNTY.

*County treasurers—Fees—Tax certificates.*

The duty imposed upon county treasurers by section 135 of the
tax law of 1893 to furnish a certificate showing whether there
are any tax liens or titles held by the State or any individual
against the land described in a deed or other instrument, and
that all taxes due thereon have been paid for the five years
preceding the date of such instrument, comes within the scope
of their official duties, and, while its imposition may be a proper
subject for consideration by the proper authorities in provid-
ing needed assistance and fixing compensation for the future,
they have no legal right to demand extra compensation for its
performance.

*Certiorari* to Wayne.　　(Hosmer, J.)　　Argued February
20, 1894.　　Decided February 27, 1894.

Relator applied to the circuit judge for *mandamus* to
compel the respondent to issue to him a tax certificate
under section 135, Act No. 206, Laws of 1893, without
compensation therefor. Respondent brings *certiorari* to
review the order granting the writ. Affirmed. The facts
are stated in the opinion.

*Henry A. Chaney,* for relator.

*Frank D. Andrus* and *Henry M. Duffield,* for respondent.

McGRATH, C. J. The sole question raised is as to the
right of the county treasurer of Wayne county to exact a
fee for a certificate, under section 135 of the general tax
law of 1893 (Act No. 206).

As was said in *Van Husan v. Heames,* 96 Mich. 504,
the evident purpose of this section is to secure the collec-

tion of taxes. By necessary implication it makes it the duty of the county treasurer to furnish certificates upon application. It certainly was not the intention of the Legislature to impose a further burden upon one who has complied with all the provisions of the law and paid his taxes. The Constitution does not prescribe the duties of county treasurers, but expressly provides that their duties shall be such as are prescribed by law. The duties imposed by the general tax law are clearly within the range of their official duties.

Sections 90 and 110 of the act in question expressly provide that county officers shall be paid for services under the act by salary or otherwise, as the board of supervisors shall determine. Under the general law relating to county treasurers, their compensation is fixed by the board of supervisors. How. Stat. § 527. Under Act No. 381, Local Acts of 1879, the Wayne county auditors fix respondent's salary. That act expressly provides that the salary so fixed shall neither be increased nor diminished during the term for which he shall be elected, and, further, that he shall not be entitled to compensation, other than the salary so fixed, for the discharge of any duties growing out of his office, or any office the duties of which he exercises by virtue thereof. The volume of the county treasurer's duties is a proper subject for consideration when the compensation is to be fixed, but, when once fixed, the legal right to additional compensation does not accrue with the performance of every new duty which the law attaches to the office. By the act in question, new duties were imposed; but, by the same act, county treasurers were relieved from duties imposed by the law of 1891. The board of supervisors, when they come to fix the compensation for the future, may very properly consider the changes in the law affecting that question; but respondent cannot be permitted to insist upon additional

compensation for the discharge of the new duties imposed, without reference to the duties from the performance of which he has been relieved. A salaried officer cannot rightfully claim additional compensation for performing a new duty imposed by the legislature, unless the statute so provides. *People v. Supervisors of New York,* 1 Hill, 362.

In *City of Detroit v. Redfield,* 19 Mich. .376, it was held that the controller could recover for services performed which did not come within the scope of the charter, and which had not been laid upon him by the act of the Legislature which contemplated the service; but in that case Mr. Justice CHRISTIANCY says:

"If properly a part of his official duties as controller, either when he took the office *or afterward imposed,* his salary was the only compensation to which he can look, however inadequate."

Respondent's undertaking was to perform the duties of the office to which he was elected, whatever they might be from time .to time during his term, for the compensation stipulated, subject to the right of the Legislature to diminish or increase the duties of the office. The tax law prescribes the major portion of those duties, and every change in or amendment to that law does not create an implied obligation to pay extra compensation for the new duties thereby imposed. *Evans v. City of Trenton,* 24 N. J. Law, 764; *Andrews v. U. S.,* 2 Story, 202; *Bussier v. Pray,* 7 Serg. & R. 447.

The duty in the present case was enjoined, not in the interest of individuals, but in the public interest. • The statute fixes no fee for the service, and contains no intimation that the performance of the duty should be paid for by the applicant for the certificate. The duty placed upon county treasurers comes within the scope of their official duties, and, while its imposition may be a proper subject for consideration by the proper authorities in pro-

viding needed assistance and fixing compensation for the future, county treasurers have no legal right to demand extra compensation for its performance.

The judgment must therefore be affirmed, but without costs.

The other Justices concurred.