GARDNER v. BOARD OF SUPERVISORS OF NEWAYGO COUNTY.

1. OFFICERS—COUNTY CLERK—EXTRA COMPENSATION—TAX LAW.
   Section 110 of the tax law of 1893 (Act No. 206) provides that "county officers shall be paid for services under this act by salary or otherwise, as the board of supervisors shall determine." Held, that a county clerk whose salary is fixed at a specified amount is not entitled to additional compensation for services contemplated by the act.

2. SAME—STATE STATISTICIAN.
   The law nowhere prescribes it to be the duty of a county clerk to furnish to the state statistician copies of the records in his office, and the county is not bound to compensate the clerk for such services.

3. SAME—DISBURSEMENTS—ITEMIZED ACCOUNT.
   While the disbursements of a county clerk for postage and express are legal charges against the county, a claim for such disbursements may well be rejected by the board of supervisors if not properly itemized.

*Certiorari* to Newaygo; Palmer, J.  Submitted April
29, 1896.  Decided July 8, 1896.

*Mandamus* by Charles W. Gardner to compel the
board of supervisors of Newaygo county to audit and al-
low a claim for extra services as county clerk.  From an
order denying the writ, relator brings *certiorari*.  Af-
firmed.

*A. G. Day*, for relator.

*W. D. Leonardson*, Prosecuting Attorney (*George
Luton*, of counsel), for respondent.

MOORE, J.  This is a *certiorari* proceeding to review
the action of the circuit judge in refusing a *man-
damus* to compel the board of supervisors to allow and
pay certain accounts.  These accounts were for services
rendered by the relator as county clerk, which, with one
or two exceptions, were services it was his duty to per-
form.  The claims may be summarized as follows: First,
claims for services rendered in tax proceedings under the
provisions of subdivision 7, § 9009, 2 How. Stat., and sec-
tions 90 and 110, Act No. 206, Pub. Acts 1893, amounting
to $177; a claim of $22.60 for expenses in going to and
from Big Rapids in connection with the tax proceedings,
and for work done in relation thereto; an item of $30 for
comparing tax returns, and for services in canvassing
spring and fall election returns; an item of $25 for
incidental expenses of clerk for county, being postage and
express charges paid, etc. (this sum of $25 was not item-
ized); and an item of $40 for making copies of records
for use of the state statistician.

The relator claims that he rendered these services
under an implied understanding that he was to be paid
for them in addition to his salary.  The county clerk's
salary was fixed by the board of supervisors, for two
years, at its October session.  The respondent admits
that the services were rendered, but claims that they

were duties imposed upon him by law (except as hereafter stated), and that his salary was complete compensation therefor. The respondent claims that it was no part of the duty of the relator to make expense in going to Big Rapids to get orders for the tax sales, nor was it his duty to make copies of the records for the use of the state statistician. The respondent returns that it considered the claim of the relator, and heard him in relation thereto; that the prosecuting attorney was present, and the liability of the county for said bills was referred to him; and that he advised adversely to the claim of the relator; and the board refused to audit the bills. On the hearing before the circuit judge, he refused to issue the writ of *mandamus*.

The question to be considered is, are these accounts legal charges, and presented in such a way as to make it incumbent upon the board of supervisors to allow them? The disbursements made by the county clerk were proper charges, if the account had been properly itemized, but a gross sum of $25 for postage and express charges might well be rejected on account of indefiniteness. As to the work done at the request of the state statistician, there is nothing in the act providing for the office of state statistician (Act No. 236, Pub. Acts 1895) that made it the duty of the county clerk to do this work, or the duty of the board of supervisors to pay for it. As to the work done under the provisions of Act No. 206, Pub. Acts 1893, section 123 provides, "Each county treasurer and county clerk shall receive such reasonable compensation for the extra services required by this section as may be allowed by the board of supervisors, to be paid out of the county treasury." There is nothing in the record to show that any work was done under the provisions of this section. Section 110 provides, "County officers shall be paid for services under this act by salary or otherwise, as the board of supervisors shall determine." We think the case is controlled by *Stetson* v. *Supervisors of Calhoun Co.*, 36 Mich. 10; *Sherman* v. *Supervisors*

*of Sanilac Co.*, 84 Mich. 108; *Backus* v. *Wayne County Treasurer*, 99 Mich. 218.

The *mandamus* as prayed must be denied, with costs.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.