T. M. Broaddus v. Board of County Commissioners of Pawnee County, O. T.

(Filed February 14, 1906.)

1. OFFICERS—Salary of—Register of Deeds—Power to Increase—Additions to County. When a statute increases the duties of an officer by the addition of other duties germane to the office, he must perform them without extra compensation, unless such extra compensation is provided for in the statute. Hence, where a statute provides that the salary of the register of deeds shall be fixed by the board of county commissioners according to the population of the county, and the salary of such officer is so fixed, then the fact that unorganized territory, not within the boundaries of the county, is added to the county for judicial purposes, and thereby the labor and services required of the said register of deeds is increased, will not authorize the commissioners in fixing his salary so as to take into consideration the population of such unorganized territory, or add the same to the population of the county as shown by the official census, for the purpose of increasing such salary.

2. SAME—Statutes Construed. Where the provisions of a statute for the purpose of fixing the amount to be paid to certain officers of the board of county commissioners. adopts as a basis for that purpose, the number of inhabitants of the respective counties,

as shown by the returns of the assessors made in a certain year and each two years thereafter, and contains the further proviso that when any unorganized territory is attached to any county for judicial purposes, the population of such unorganized territory shall be added to the population of said county in fixing the amount of the salary of certain county officers, especially naming such officers, this provision will not apply, or be extended to any other county officer not especially enumerated therein. In such case, the doctrine of Expressio unius est exclusio alterius applies.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before Bayard T. Hainer, Trial Judge.*

*McGuire & Clark*, and *Biddison & Eagleton*, for plaintiff in error.

*H. T. Conley*, for defendant in error.

## STATEMENT OF FACTS.

This cause comes to this court on appeal from the district court of Pawnee county, where the case was tried before the court on the following stipulation of facts.

"It is hereby stipulated and agreed that this appeal was regularly filed and certified to this court within the time prescribed by law, and that the proceedings from which this appeal is taken are in words and figures as follows, as appears by the journal of the proceedings of the county commissioners of Pawnee county, on page 9, of volume 2, as follows:

" 'October 8, 1902. The board met at two o'clock P. M., all members being present. As a basis for determining the amount of salary for the assessor, probate judge, register of deeds, county officers of Pawnee county for the fiscal year 1902 and 1903, the board took into consideration the population of Pawnee county proper, as shown by the returns of the assessor for the year 1902, to wit; 13,520, and fixed the amount of salary as follows: For assessor, $1160.00 per year for probate judge, $1200 per year; register of deeds, $1200 per year; county commmssioners, $250 per year. As a basis

for determining the amount of salary to be paid the county clerk, treasurer, sheriff, and county attorney, the board took into consideration the population of Pawnee county, to wit: 13,520, and also the population of the Osage reservation, 5,-300, making a total of 18,320, not including the Osage Indians, numbering 2,045, as shown by the returns of the assessor for 1902.

"G. P. Moore,<br>"Clerk.' "

Upon this finding of facts, the district court found for the defendant, the board of county commissioners, affirming their action in excluding the population of the Osage Indian Reservation from the population of Pawnee county, as shown by the census, in determining the salary of the register of deeds. From this decision, the plaintiff in error took an appeal to this court.

Opinion of the court by

Irwin, J.: The only question involved in this case is as to the correctness of the action of the board of county commissioners in fixing the salary of the register of deeds according to the population of Pawnee county and excluding from the count of such population, the population of the Osage Indian reservation, which had been attached to Pawnee county for judicial purposes, and by reason of such attaching, the labor performed, the services rendered, and the fees earned by the register of deeds were materially increased. Plaintiff in error contends that by a reasonable interpretation of the statute, that the fair intention of the legislature was that this unorganized territory, known as the Osage Indian reservation, should be taken into account in determining the population of Pawnee county for the purpose of fixing the salary of the register of deeds. The provisions of the statute

in regard to the subject are found in Wilson's Revised Statutes for 1903, chapter 36, section 17, running section 3008, page 741, which reads as follows:

"The register of deeds shall receive the following fees: For recording deeds, mortgages, or other instruments of writing, for the first folio, twenty-five cents; each additional folio, ten cents; certificate of filing and recording any instrument, ten cents; each entry on index, including description of property, five cents; for copy of each deed or other instrument recorded, per folio ten cents; for recording town plat of one hundred lots or less, three dollars; for each additional one hundred lots, one dollar; certificate and seal, twenty-five cents; filing and indexing chattel mortgage, including certificate and seal, twenty-five cents; filing each paper required to be filed, five cents: Provided, that the register of deeds be allowed to retain, out of these fees required by law as his annual salary, the following amounts and no more: In counties of ten thousand inhabitants or less, eight hundred dollars, in counties of not less than ten thousand inhabitants and not more than fifteen thousand inhabitants, twelve hundred dollars; in counties containing not less than fifteen thousand inhabitants nor more than eighteen thousand inhabitants, sixteen hundred dollars: and in counties of more than eighteen thousand inhabitants, two thousand dollars. In no case shall the county be liable for the payment of the salary of the register of deeds or the compensation of any of his clerks or deputies: And provided further, that the register of deeds shall be allowed to retain fifty per cent. of all fees collected by him in excess of the above salary. The register of deeds shall employ the necessary clerical assistance for the transaction of the business of his office, but in no case shall the county be liable for the payment of the salary or other compensation of any clerk, deputy or other assistant of the register of deeds."

"For a proper understanding of the true intent and meaning of this section, it will be necessary to refer to a sub-

sequent section in the same chapter, being section 36, running section 3027, page 745, which is as follows:

"For the purpose of fixing the amount to be paid to the county clerk, county treasurer, probate judge, sheriff and register of deeds, and county attorney the board of county commissioners shall adopt as a basis for that purpose, the number of inhabitants of their respective counties, as shown by the returns of the assessors made in the year 1896, and each two years thereafter. Provided, that when any unorganized territory is attached to any county for judicial purposes, the population of such unorganized territory shall be added to the population of said county in fixing the amount of the salary of the sheriff, county treasurer, county clerk and county attorney of said county."

It will be noticed that in this latter section in the fixing of the salaries of the various county officers, a distinction is made by the legislature between the manner of fixing the salary for certain county officers from that of other county officers, as in the first part of the section a provision is made for certain county officers, namely, county clerk, county treasurer, probate judge, sheriff, register of deeds and county attorney, upon a basis of the number of inhabitants of the respective counties as shown by the returns of the assessor made in the year 1896, and each two years thereafter. Now if this was all there was of that section, it would seem there could be no question but that the action of the board of county commissioners in this case was correct, and in strict accordance with the statute. But the legislature, in their wisdom, have seen fit to go further and make other provision, and give other and different relief to certain county officers, and adopt a different basis for fixing their salary. That is, as to the salary of the sheriff, county treasurer, county clerk, and county attorney, in estimating the salary of these officers to the

population of the county, as shown by the return of the assessor, there should be added the population of the unorganized district attached to the county for judicial purposes.

Now it seems to us, that by the naming in this act of certain specific officers of the county and including them within the benefits of the act, a reasonable interpretation of the act would be to exclude all other county officers not therein named, and that the doctrine of *expressio unius est exclusio alterius,* that is, the expression of one thing implies the exclusion of another, would apply in this case. Now we think that this was not an inadvertence is manifest from the language of the act itself, because this section refers to all the county officers, specifically naming them, including the register of deeds. If the legislature had intended to include within the benefits and provisions of the added provision to the act the register of deeds, would it not be reasonable to presume that they would have named him therein? From a reading of this section, it must be apparent that their action in excluding certain officers from the benefits of the subsequent provisions of the statute was done intentionally. Then the only remaining question is, did they have the power so to do? It is contended by the plaintiff in error that where duties are imposed upon an officer by the legislature, after his salary is fixed by law, and such duties are foreign to the office, that he is entitled to a compensation for the work imposed upon him *ex officio.*

Now there is nothing in this record which tends to show that the attaching of the Osage Indian reservation to Pawnee county for judicial purposes was done after the fixing of the salary of the register of deeds by the board of county commissioners, nor do we think that this is a fact. The only

plausible contention that could be maintained, is that plaintiff in error was the register of deeds for Pawnee county only, and that the adding of the Osage Indian reservation for judicial purposes increased his labors, and also increased the fees earned by the office, and as a matter of justice and equity he ought to be entitled to added compensation therefor, but in such cases we are governed by fixed statutes. The board of county commissioners have no right to increase the burdens of the office. Now we take the rule to be that the legislature have the right to increase the burdens of the office, to add to the duties and labor of the office by requiring of the officer the performance of additional services such as are germane to the office, and such as come within the purview of the duties of the office, and that they are not legally nor constitutionally obliged to add to the compensation of the office, but that the person taking the office is obliged to perform such services without aidtional compensation, unless such compensation is provided by the statute creating and requiring such additional services. Such seems to be the holding of the United States supreme court in the case of the *United States v. King,* reported in the 147 U. S. at page 676, where that court say:

"When a statute increases the duties of an officer by the addition of other duties germane to the office, he must perform them without extra compensation."

Now in the case at bar, the additional duties required of the plaintiff in error by virtue of the adding of the unorganized territory known as the Osage Indian reservation, to Pawnee county for judicial purposes, were of the same kind and character as those required of him when Pawnee county was standing alone. There is no difference in the kind or

character of the services.   It is only an increase in the amount and it seems to us that under the plain wording of the statute, that it was not the intention of the legislature that his salary should be determined upon the basis of the adding together of the population of the county as shown by the return of the assessor, and the population of the Osage Indian reservation, but that he assumed the burden of the office, and accepted the salary as fixed by the commissioners, based upon the population of Pawnee county alone.   This seems to be the plain, unequivocal meaning of the statute, and it would be useless for us to indulge in speculation as to the moral aspect of the case, or the equities of it, because the fees and salary of the office is determined by fixed statute, which is binding upon the commissioners, and binding upon the courts.

Finding no error in the record, the decision of the district court is affirmed, at the costs of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.