Board of County Com'rs of Creek County v. Bruce et al.

The dismissal of the appeal fixes a liability on the bond. Execution was issued on the judgment and returned no property found. Following this, this action was brought upon the appeal bond, and we think there was a breach of its terms and conditions rendering the defendants liable for the full amount of the judgment rendered in the justice court, interest and costs. *Fitzgerald v. Wellington,* 37 Kan. 460, 15 Pac. 582.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.

---

## BOARD OF COUNTY COM'RS OF CREEK COUNTY v. BRUCE *et al.*

No. 5274. Opinion Filed October 5, 1915.

(152 Pac. 125.)

1.  **OFFICERS—Compensation—Imposition of Additional Duties.** A public officer is bound to perform the duties of his office for the compensation fixed by law. This is true as to additional duties imposed upon the office by the Legislature after he enters upon his term, provided such duties are germane to the office.

2.  **COUNTIES—County Clerks—Compensation—Additional Duties— Issuance of Hunting Licenses.** Chapter 19, sec. 1, Sess. Laws 1905, put in force in the State of Oklahoma by section 18 of the Schedule of the Constitution, fixed the salary of the county clerks of the various counties of the state. The authority conferred upon county clerks to issue hunting licenses, under the act of the Legislature approved March 8, 1909, (chapter 19, Sess. Laws 1909), are additional duties conferred upon the office of county clerk, and are germane to such office; and the fees authorized to be retained by clerks for issuing hunting licenses under section 9, art. 4, of such act should be accounted for by them, and they are not entitled to retain the same as additional compensation for such services.

3.  **OFFICERS—County Clerks—Emoluments of Office—Increase During Term.** The salary of county clerks being definitely fixed

by chapter 19, sec. 1. Sess. Laws 1905, and the duties imposed upon the office of county clerk under chapter 19, Sess. Laws 1909, being additional, the fees authorized to be retained under section 9, art. 4, of said act could not be retained by the clerks as additional compensation, for to do so would violate section 10, art 23, of the Constitution, prohibiting the increase of the emoluments of an office during its term.

(Syllabus by Dudley, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by the Board of County Commissioners of Creek County against Abner Bruce and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*W. Morris Harrison* and *Vick S. Decker,* for plaintiff in error.

*J. E. Thrift,* for defendants in error.

Opinion by DUDLEY, C. The parties occupy the same position here that they did in the trial court, and for convenience we shall refer to them accordingly. The defendant Bruce was the duly elected, qualified and acting county clerk of Creek county from the advent of statehood to January 7, 1911. He gave bond for the faithful performance of his duties, with the defendants Jones, Cummins, and Humphreys as sureties thereon. Under the law in force in the Territory of Oklahoma at the time of the adoption of the Constitution, the full compensation to be allowed him as county clerk was $1,600 per annum. Chapter 19, sec. 1, Session Laws 1905. Under the act of the Legislature of the State of Oklahoma approved March 8, 1909, entitled "An act to protect fish, game, birds," etc., known as the Game Law, county clerks of the various counties of this state were authorized to issue hunting licenses and charge and retain a fee of 25 cents for each

license issued by them. Section 9, art. 4, c. 19, Session Laws 1909. After the passage and approval of this act the defendant Bruce, as county clerk of said county, received, collected, and retained $402.25 as fees for issuing hunting licenses. He did not report and account for these fees to the county, but retained and appropriated the same to his own use and benefit.

In April, 1912, the plaintiff, the board of county commissioners of said county, commenced this action in the district court of said county against the defendant Bruce and the sureties upon his bond to recover the amount of the hunting license fees so collected, received, and retained by the defendant Bruce as county clerk. A demurrer was sustained to the petition and exceptions saved. The plaintiff stood upon its petition and declined to plead further. Whereupon judgment was rendered against it, dismissing the action at its cost, from which it has perfected an appeal to this court.

The only question presented by the record is whether or not the defendant Bruce had a right to retain these fees, in addition to the salary allowed him by law at the time of his election and qualification. If so, the judgment of the trial court should be affirmed; otherwise, reversed and remanded. Under section 2, art. 17, of the Constitution, county clerks of the various counties of this state were county officers. The law in force in the Territory of Oklahoma at the time of the adoption of the Constitution controlled as to the salaries of the county clerks of the state. Section 18 of the Schedule of the Constitution provides:

"Until otherwise provided by law, the terms, duties, powers, qualifications, and salary and compensation of all county and township officers, not otherwise provided by

this Constitution, shall be as now provided by the laws of the Territory of Oklahoma for like named officers. * * ' *"

Chapter 19, sec. 1, Session Laws 1905, was in force in the Territory of Oklahoma at the time of the adoption of the Constitution. This act fixes the salary of the defendant Bruce at .$1,600 per year, and, by virtue of the foregoing constitutional provision, this act was continued in force in the State of Oklahoma. It follows, therefore, that the full compensation to be allowed the defendant Bruce as county clerk was $1,600.

The defendants contend that the duties imposed upon the county clerk, under section 9, art. 4, c. 19, Session Laws 1909, are extraofficial duties, and not additional, and therefore defendant Bruce is entitled to receive the compensation provided for for the performance of such duties. Upon the other hand, the plaintiff contends that the duties are additional, and that he should perform them without additional compensation.

As a general rule, a public officer is bound to perform the duties of his office for the compensation fixed by law. This is true as to additional duties imposed upon an officer by Legislature after he enters upon his term, so long as these duties are germane to the office. *Finley v. Territory of Oklahoma*, 12 Okla. 621, 73 Pac. 273; Mechem on Public Officers, sec. 862; Throop on Public Officers, sec. 478; *Evans v. Trenton*, 24 N. J. Law, 764; *People v. Supervisors*, 1 Hill (N. Y.) 362; *Moore v. Nation*, 80 Kan. 672, 103 Pac. 107, 23 L. R. A. (N. S.) 1115, 18 Ann. Cas. 397; *Anderson v. Board of Commissioners of Grant County*, 44 Okla. 164, 143 Pac. 1145; *Broaddus v. Commissioners of Pawnee County*, 16 Okla. 473, 88 Pac. 250. In Mechem on Public Officers, *supra*, it is said:

"An officer who accepts an office to which a fixed salary or compensation is attached is deemed to undertake to perform its duties for the salary or compensation fixed, though it may be inadequate, and if the proper authorities increase its duties by the addition of others germane to the office, the officer must perform them without extra compensation. Neither can he recover extra compensation for incidental or collateral services which properly belong to or form a part of the main office."

And in the case of *Moore v. Nation, supra,* in the syllabus it is said:

"When a public official takes office, he undertakes to perform all its duties, although some of them may be called into activity for the first time by legislation occurring after he enters upon his term. In such an event he must perform the increased service without increased compensation, unless the Legislature has the power and sees fit to grant him additional pay."

Are the duties imposed upon the clerk by section 9, art. 4, *supra,* germane to the office of county clerk? If so, they are additional duties, and the defendant should perform them without extra compensation. We think these duties are germane. The Legislature, in conferring this authority upon the county clerk, intended to make it convenient for citizens of the various counties to obtain hunting licenses. The duty is a public one to the citizens of the various counties, and is germane to the office of county clerk. The authority is conferred upon the office, and not the individual. *Finley v. Territory, supra.* Under the law, a county clerk may take acknowledgments to deeds and other written instruments. The law provides that he may charge a fee for this service. In performing this service he does not serve the county in purely county business, but he serves the public generally in this ca-

pacity. This is a duty that is germane to the office of county clerk, made so by law. We can see no reason why the duty of issuing a county hunting license is not germane to the office of county clerk. The defendants urge, however, that this power could have been conferred upon any individual in the county or upon any other county officer. This may be true, but it was not done. The Legislature conferred it where it thought best to confer it. The Legislature might authorize any county official having a seal to take acknowledgment to deeds, etc. We think that the fact that the authority might have been conferred upon some one else, or some other county officer, is immaterial. The Supreme Court of Kansas, in the case of *Moore v. Nation, supra,* in discussing what duties are germane, announces this rule:

"The duties of a public office include all those which fairly lie within its scope, those which are essential to the accomplishment of the main purposes for which the office was created, and those which, although incidental and collateral, are germane to or serve to promote or benefit the accomplishment of the principal purposes. All such duties are official, and the incumbent may be compelled to perform them. Duties not so related to an office are unofficial, cannot rightfully be attached to it, and the incumbent is not obliged to perform them."

The Supreme Court of Wisconsin, in the case of *Barron County v. Beckwith,* 142 Wis. 519, 124 N. W. 1030, 30 L. R. A. (N. S.) 810, 135 Am. St. Rep. 1079, had under consideration a question similar to the one under consideration here, and announced this rule:

"The fees or compensation to be turned over to the county treasurer by a county clerk who is by statute upon a salary in lieu of all fees or compensation for services rendered by him which shall be so turned over include

fees collected under the naturalization laws of the United States, which authorize and permit him to retain a portion of the fee received, although the federal law is passed subsequently to the state law, so that they were not directly in contemplation when the state law was passed."

Beckwith was the clerk of the circuit court of Barron county, on a fixed salary basis. During his term of office he received and collected a large amount of fees in naturalization proceedings, under an act of Congress approved June 29, 1906 (34 Stat. 600, c. 3592, sec. 13 [U. S. Comp. St. 1913, sec. 4372]). Under this act he was to retain one-half of the fees collected and remit the other to the Bureau of Immigration and Naturalization. This he did, but did not account to the county for the fees he received, but retained the same, claiming that he had a right to them. The court held that he did not, and that he must account for the fees to the county. This is a much stronger case than that one, because in this case the state Legislature imposed the duties, whereas in that case Congress did so.

The Supreme Court of California, in the case of *City and County of San Francisco v. Mulcrevy et al.,* 15 Cal. App. 11, 113 Pac. 339, in construing the same act of Congress, reached the same conclusion as the Supreme Court of Wisconsin. The reasoning in support of the rule announced in these cases is clear and forcible, and is applicable to the question under consideration here.

The Supreme Court of Utah, in the case of *Eldredge v. Salt Lake County,* 37 Utah, 188, 160 Pac. 939, and the Supreme Court of Oregon, in the case of *Fields v. Multnomah Countly,* 64 Ore. 117, 128 Pac. 1045, 44 L. R. A. (N. S.) 332, in considering the same act of Congress, reached a different conclusion.

The following additional authorities support our conclusion: *State v. Silver*, 9 Neb. 88, 2 N. W. 215; *Bayha v. Webster County*, 18 Neb. 131, 24 N. W. 457; *Backus v. Carleton, County Treasurer*, 99 Mich. 218, 58 N. W. 62; *Board of County Commissioners, Hennepin County, v. Dickey*, 86 Minn. 331, 90 N. W. 775; *Power v. Douglas County*, 75 Neb. 734, 106 N. W. 782; *State ex rel. Board of Commissioners, Meeker County, v. Johnson, County Auditor*, 111 Minn. 10, 126 N. W. 479; *Douglas County v. Broadwell et al.*, 96 Neb. 682, 148 N. W. 930; *Finley v. Territory, supra,* and cases there·n cited.

These increased duties were conferred upon the county clerk, and not upon the individual. He received the fees by virtue of being county clerk, affixed the county seal, and performed public services for the citizens of his county. The duties were germane, the services additional, and he should account for the fees.

Having reached the conclusion that the duties are additional, and therefore that the defendant should perform them without additional compensation, there is another reason why he is not entitled to these fees, and that is to permit him to retain them would increase the emoluments of his office, in violation of section 10, art. 23, of the Constitution. *Board of County Commissioners of Greer County v. Henry et al.*, 33 Okla. 210, 126 Pac. 761; *Jones et al., Grady County Commissioners, v. Louthan*, 35 Okla. 407, 130 Pac. 139; *Board of County Commissioners, Beaver County, v. Culwell et al.*, 41 Okla. 712, 139 Pac. 979; *Privett, Register of Deeds, et al. v. Board County Commissioners, Grant County*, 44 Okla. 523, 145 Pac. 323. Section 10 of article 23 and section 18 of the Schedule of the Constitution are construed in the foregoing cases.

The Legislature not having the authority to increase the salary of the defendant Bruce as county clerk during his term of office by the addition of increased and additional duties germane to the office, it is fair to assume that it did not intend to increase his salary and permit him to retain the hunting license fees under section 9, art. 4, c. 19, Session Laws 1909.

The judgment of the trial court should be reversed and remanded.

By the Court: It is so ordered.