## STATE ex rel. WEST, Atty. Gen., v. BELLAMY.

No. 6545—Opinion Filed March 28, 1916.

Rehearing Denied July 19, 1916.

(158 Pac. 897.)

1. **Banks and Banking—Officers—Lieutenant Governor—Compensation.**

A public officer is bound to perform the duties attached to his office for the compensation fixed by law.

2. **Officers — Compensation of Officers — Recovery of Amounts Paid.**

Where sums of money have been illegally drawn from the treasury of the state as salary, to which an officer was not entitled, such money may be recovered from such officer in an action brought by the proper authority.

(Syllabus by Rummons, C.)

Error from District Court, Canadian County; J. J. Carney, Judge.

Action by the State, on the relation of Charles West, Attorney General, against George W. Bellamy. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Chas. West, Atty Gen., and S. I. McElhoes, Asst. Atty. Gen., for plaintiff in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Canadian county by plaintiff in error against the defendant in error to recover the sum of $2,462.50, with interest, for salary drawn by defendant in error as chairman of the state banking board while the defendant in error was the duly elected, qualified, and acting Lieutenant Governor of the state. A general demurrer was interposed to the petition of plaintiff in error, which was sustained by the court. Plaintiff in error excepted and elected to stand upon its petition. Judgment was rendered for defendant in error dismissing the action, to reverse which judgment this proceeding in error is prosecuted.

The law is well settled in this state that an officer must perform all the duties attached to his office without receiving other compensation than that provided by law. Finley v. Territory, 12 Okla. 621, 73 Pac. 273:

Broaddus v. Pawnee County, 16 Okla. 473, 88 Pac. 250; Anderson v. Grant County, 44 Okla. 164, 143 Pac. 1145.

The Constitution fixed the salary of the Lieutenant Governor at $1,000. The Legislature created a state banking board, composed of the Governor, Lieutenant Governor, president of the state board of agriculture, state treasurer, and state auditor. Session Laws 1907-08, p. 145. No provision for additional compensation to these state officers for their services was ever made by the Legislature. The state banking board by resolution fixed a salary of $1,500 per annum for the chairman of the board, and the defendant, as a member of the board, was elected chairman. The petition alleges that the sum sought to be recovered in this action was paid out to the defendant in error while holding the office of Lieutenant Governor as such salary. Upon the authority of the cases above cited there can be no question that the defendant in error was not entitled to receive this salary.

It is also well settled that fees and salary paid to a public officer without authority of law may be recovered at the suit of the proper authority. Anderson v. Grant County, supra; Grant County v. Ernest, 45 Okla. 725, 147 Pac. 322.

The petition of the plaintiff in error therefore clearly stated good causes of action, and the trial court erred in sustaining the demurrer thereto.

The judgment of the trial court should therefore be reversed, and the cause remanded.

By the Court. It is so ordered.