Joe B. HUNT, Plaintiff,

v.

Burton LOGAN, Budget Director for the State of Oklahoma, A. F. Shaw, State Auditor of the State of Oklahoma, and Cowboy Pink Williams, State Treasurer of the State of Oklahoma, Defendants.

No. 40727.

Supreme Court of Oklahoma.

March 24, 1964.

B. E. Bill Harkey, Oklahoma City, for plaintiff.

Charles Nesbitt, Atty. Gen. of Oklahoma, Fred Hansen, Asst. Atty. Gen., for defendants.

WILLIAMS, Justice.

This is an original action in this Court wherein plaintiff, Insurance Commissioner for the State of Oklahoma, seeks an order in the nature of mandamus directing defendants, the State Budget Director, the State Auditor and the State Treasurer to allow and pay the claims of plaintiff for services performed by him during the months of July, August and September, 1963, in compliance with Senate Bill 247 of the twenty-ninth Legislature, 74 O.S. 1963 Supp. § 285, par. 32. The Act purported to make the duties performed by the Insurance Commissioner as President of the State Insurance Board additional duties. to those otherwise prescribed by law and fixed the compensation therefor at $3,000.00,. per annum.

In an opinion dated July 11, 1963, the Attorney General of Oklahoma held that plaintiff could not be paid legally such increase in salary.

Defendants refused or failed to allow plaintiff's claims and plaintiff commenced this action.

Since this matter involves a Constitutional State official and the Attorney General, representing the defendants, agrees that

we should do so, we have accepted juris-diction.

Plaintiff advances the proposition that "The additional pay given to the insurance commissioner by Senate Bill 247 does not violate the provisions of section 34, Article 6, or section 10, Article 23, of the Constitution of the State of Oklahoma". Section 4 of Senate Bill No. 247, supra, provides:

"The duties performed by the Insurance Commissioner as President of the State Insurance Board shall be considered additional duties to those otherwise prescribed by law, for which additional duties he shall be paid additional compensation until June 30, 1965, in the amount of Three Thousand ($3,-000.00) per annum, payable monthly".

Article VI, Section 34 of the Oklahoma Constitution (referring to executive officers) states:

"Each of the officers in this article named shall, at stated times, during his continuance in office, receive for his services a compensation, which shall not be increased or diminished during the term for which he shall have been elected; nor shall he receive to his use, any fees, costs, or perquisites of office or other compensation."

Article XXIII, Section 10 of our State Constitution contains the following language:

"Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; * * *."

Plaintiff contends that the "primary question to be determined is whether the duties assigned, for which additional compensation is to be paid, are germane and incidental to the normal duties of the Insurance Commissioner".

Mr. Hunt had been elected Insurance Commissioner in 1954. In 1957 the Legis-lature had enacted a new insurance code, House Bill 501, a pertinent portion being 36 O.S.1961 § 331; sub-sections "A" and "B" thereof in pertinent part respectively provide:

"There is hereby created the State Insurance Board, composed of the Insurance Commissioner and two members to be appointed by the Governor, * * *. The Insurance Commissioner shall be President of the State Insurance Board * * *.

*   *   *   *   *   *

" * * * The duties performed by the Insurance Commissioner as President of the State Insurance Board shall be considered additional duties to those otherwise prescribed by law, for which additional duties he shall be paid additional compensation until January 1, 1959 in the amount of Three Thousand Dollars ($3,000.00) per annum, payable monthly."

As provided in said section 331, Mr. Hunt was paid $3,000.00 per annum for the years 1957 and 1958 for performing the "additional duties" of President of the State Insurance Board.

In 1958 Mr. Hunt was re-elected. In 1957 the Legislature also had enacted House Bill No. 752. Section 4 thereof contains the following provision:

"The Office of the Insurance Commissioner shall be paid a salary of Six Thousand Dollars ($6,000.00) per annum monthly until January 12, 1959, at which time the salary for the office of Insurance Commissioner shall be Twelve Thousand Dollars ($12,000.00) per annum monthly."

For the years 1959, 1960, 1961 and 1962, Mr. Hunt drew such increased salary of $12,000.00 per annum.

In 1962 Mr. Hunt was again re-elected and has continued to draw $12,000.00 per year salary.

Since 1957 Mr. Hunt's duties have remained exactly the same. During such time

he has served continually as President of the State Insurance Board.

It has been noted that Section 4 of Senate Bill. No. 247, supra, hereinabove quoted, provides that Mr. Hunt's duties as President of the State Insurance Board are "additional duties to those otherwise prescribed by law". But prior to the enactment thereof when Mr. Hunt was re-elected in 1958 and again in 1962, 36 O.S.1957 Supp. § 311 and 36 O.S.1961 § 311 respectively, had prescribed such to be his regular statutory duties. When he sought re-election in 1962 one of Mr. Hunt's statutory duties for more than five years had been to serve as President of the State Insurance Board. That duty was one of those then required of him. His salary had been doubled when the new insurance code was enacted in 1957 and such duty placed upon him. It was considered an additional duty for which he was paid $3000.00 per year until his $12,000.00 per year salary started. Thereafter he had been required to perform the same duty four years at the new $12,000.00 per year salary as a part of his regular duties.

Argument is made by defendants that the duties performed by the Insurance Commissioner as President of the State Insurance Board must be performed by him. Reference is made to the case of Phelps et al. v. Childers, State Auditor, 184 Okl. 421, 89 P.2d 782. In that case, decided by a Court composed of Special Justices, three of the regular Justices of this Court were seeking mandamus compelling State Auditor and State Treasurer to pay their claims for extra compensation for the performance of certain additional duties assigned them by the Legislature, to be performed or not at their option.

Referring to House Bill 239, Session Laws 1936-37, c. 21, Art. 1, page 33, the opinion of the Court in that case (89 P.2d page 784) recites:

"The Bill provides for the revision and compilation of the civil, probate and appellate statutes of this State, recites the necessity of such revision, directs the Justices of this Court elected

in November 1934, upon their written acceptance of the terms of the Act filed with the Secretary of the State, to perform such service, fixes the compensation for such service at $2,500, annually, payable monthly, requires the work as and when completed to be filed in the State Library, and that the work must be completed by the second Monday in January 1941. * * *"

That Court in the first paragraph of the syllabus in that case said:

"A statute imposing or providing for new duties or services to be performed by a public official, which new duties or services are incident to or germane to his office, and where such act provides additional compensation therefor violates Section 10, Article 23 of the Oklahoma Constitution, Okl.St.Ann., prohibiting the Legislature from changing the salary or emoluments of a public official during his term of office, but where the new duties or services so provided in the act are foreign to or beyond the scope or range of and not germane to the duties of the office, such statute does not violate such section".

In the case of Aubrey v. Huser, 201 Okl. 60, 201 P.2d 249, 251, this Court said:

"The duty additionally imposed of making reports to the Pardon and Parole Officer is comparable to the duties devolved upon Justices of the Supreme Court, as considered in Phelps et al. v. Childers, State Auditor, supra, whereby certain Justices of the Supreme Court were authorized to make a compilation of procedural statutes, with annotations, for which they were paid an additional compensation during their term of office. That duty was held to be non-judicial and therefore not germane to the office of a judge."

The Phelps case clearly is distinguishable on the facts from the case at bar. The duties there required of the Justices were non-germane; here those required of the Insurance Commissioner are and for several years have been a part of the regular

duties of his office. Further, the Justices could elect whether they would undertake the newly added optional duties; here the duties of the Insurance Commissioner, as above noted, were required, not optional.

In the case of Board of Com'rs of Creek County v. Bruce et al., 51 Okl. 541, 152 P. 125, 126, in the body of the opinion we said:

"As a general rule, a public officer is bound to perform the duties of his office for the compensation fixed by law. This is true as to additional duties imposed upon an officer by Legislature after he enters upon his term, so long as these duties are germane to the office * * *. In Mechem on Public Officers, supra, it is said:

" 'An officer who accepts an office to which a fixed salary or compensation is attached is deemed to undertake to perform its duties for the salary or compensation fixed, though it may be inadequate, and if the proper authorities increase its duties by the addition of others germane to the office, the officer must perform them without extra compensation. Neither can he recover extra compensation for incidental or collateral services which properly belong to or form a part of the main office.' "

The declaration of the Twenty-ninth (1963) Legislature in Senate Bill 247, supra, that "The duties performed by the Insurance Commissioner as President of the State Insurance Board shall be considered additional duties" may not be upheld, since the Legislature has designated certain duties as additional ones, whereas five years previously it had already made same the regular statutory duties of the office. (H.B. 501, 26th Legislature; 1957 S.L. Title 36, Art. 3, Sec. 331, subds. A, B; 36 O.S.1961 § 331, subds. A, B). See Article IV, Sec. 1, Oklahoma Constitution; City of Bristow ex rel. Hedges v. Groom, 194 Okl. 384, 151 P.2d 936, 942.

Writ denied.