COUNTY SERVICES Searching records of financing statements and providing information related thereto is a service germane to the office of county clerk and within the scope of the principal purposes of that public office. For the performance of such a service, a public official may not receive compensation other than that provided by law. The county clerk, or his deputies and employees, may not operate a private business, off hours, by performing services which are clearly germane to his public office, and collect fees for his private use and benefit. The Attorney General has considered your opinion request wherein you ask the following question: "1. May County Clerks or their deputies make a search of the financing statement records in said office for persons desiring data relating to instruments previously filed, during office hours or after regular office hours and charge fees therefore and lawfully retain said fees for their own use and benefit?" Title 12A O.S. 9-403 [12A-9-403](4) and 12A O.S. 9-403 [12A-9-403](5) (1971) provides, in pertinent part, as follows: "(4) A filing officer shall mark each statement with a consecutive file number and with the date and hour of filing and shall hold the statement for public inspection. In addition the filing officer shall index the statements according to the name of the debtor and shall note in the index the file number and the address of the debtor given in the statement. "(5) The uniform fee for filing, indexing and furnishing filing data for an original or a continuation statement shall be One Dollar and fifty cents ($1.50)." Title 12A O.S. 9-407 [12A-9-407](2) (1971) provides as follows: "Upon request of any person the filing officer shall issue his certificate showing whether there is on file, on the date and hour stated therein, any presently effective financing statement naming a particular debtor and any statement of assignment thereof and, if there is, giving the date and hour of filing of each such statement and the names and addresses of each secured party therein. The uniform fee for such a certificate shall be One Dollar ($1.00) plus twenty-five cents ($0.25) for each financing statement and for each statement of assignment reported therein. Upon request the filing officer shall furnish a certified copy of any filed financing statement or statement of assignment for a uniform fee of One Dollar ($1.00) per page. If one copy of any financing statement, continuation statement, termination statement or statement of assignment be presented to a filing officer for certification at the time the original, or any certified copy thereof, be presented for filing, the filing officer shall certify such copy without charge upon receipt of the fee for the original filing. The uniform fee for certifying any other or additional statement shall be twenty-five cents ($0.25) for each copy certified by him." (Emphasis added) This section is not a limitation upon the duties of the county clerk, but is a limitation upon the duties for which fees may be charged. The intent of the Oklahoma Legislature in enacting this section is revealed by the Oklahoma Code Comment to Section 12A O.S. 9-407 [12A-9-407] which states, in part, as follows: "The part hereof as to furnishing a certificate of effective financing statements on file does not mean that the County Clerk may charge the fee here set out for the normal service given to the public as a courtesy, of advising either orally or by a simple letter as to what financing statements are shown on the index, he making no warranty of accuracy, and having no liability for mistakes. What this subsection provides is for the County Clerk furnishing, if specifically requested to do so, A CERTIFICATE under his signature and seal similar to a certificate made by a bonded abstractor, and upon which he and his bondsmen are liable for any mistakes. It is only this certificate for which he may charge the fee provided. (Emphasis added) From these comments it is apparent that it was the intent of the Legislature to extend the duties of the county clerk beyond the mere issuance of the certificate. The county clerk and his deputies may search records and give information to the public as a gratuitous service. This service is rendered under color of his position as a public servant. A county clerk may not charge and retain fees for services which are part of his duty in public office. As a general rule, he is entitled Stanley J. Alexander, OBA #198only to such commission as is authorized by law. See 20 C.J.S., "Counties", 111. Where his commission is provided by law in the form of a salary, he is limited to that and may not collect and retain fees for individual services which are within the scope of his duties imposed by the statutes fixing the salary. Any services rendered by him are presumed to be compensated for by the general emoluments of the office. See 20 C.J.S., 112 and 114. The rule in Oklahoma is consistent with the general rule as stated in 20 C.J.S., 117 as follows: "A county clerk is entitled to such compensation and only such compensation as is provided by law. "Where a salary has been provided, it is obnoxious to some constitutional provisions for the legislature to provide for retention by the clerk of certain fees in addition to the salary." In Oklahoma, retention of fees by a clerk for his personal use and benefit is contrary to Article XXIII, Section 10 of the Constitution providing in part as follows: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his selection or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; . . ." (Emphasis added) The Oklahoma Statutes providing for the salaries of county clerks are consistent with the above constitutional provisions. In 19 O.S. 180.61 [19-180.61] (1971) a county clerk is classified as a group "A" officer. In Section 19 O.S. 180.62 [19-180.62] his salary is established. Section 19 O.S. 180.67 [19-180.67](a) provides in part as follows: "(a) It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state and no county officer in groups 'A' or 'B', or their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act, except that the county superintendent of schools may receive extra compensation as provided in the Oklahoma School Code." (Emphasis added) In the case of Board of County Commissioners of Creek County v. Bruce,51 Okl. 541, 152 P. 125 (1915), the Supreme Court of Oklahoma held that retention by the county clerk of fees for issuing hunting licenses was a violation of the Oklahoma Constitution, Article XXIII, Section 10. In this case the Court stated: "As a general rule, a public officer is bound to perform duties of his office for the compensation fixed by law. This is true as to additional duties imposed upon the officers by Legislature after he enters upon his term, so long as these duties are germane to the office." In discussing duties germane to a public office, the Court in the Bruce case, supra, announced the following rule: "The duties of a public office include all those which fairly lie within its scope, those which are essential to the accomplishment of the main purposes for which the office was created, and those which, although incidential and collateral, are germane to or serve to promote or benefit the accomplishment of the principal purposes. All such duties are official, and the incumbent may be compelled to perform them. Duties not so related to an office are unofficial, cannot rightfully be attached to it, and the incumbent is not obliged to perform them." In the case of Baker v. Board of County Commissioners of Okmulgee County, 150 P. 714 (1915), the Supreme Court of Oklahoma stated: "A person acting in the capacity of a public officer is entitled to only such compensation as may be given him by some pro vision of law. This rule is founded upon a sound public policy, and should be rigidly adhered to." (Citations omitted)) It is the duty of the county clerk to deposit daily all monies and public charges of every kind received or collected by virtue of or under color of office (19 O.S. 682 [19-682] (1971)) and the county treasurer is designated as the official depository (19 O.S. 681 [19-681] (1971)). The county clerk may not charge or collect fees for services rendered under color of office and retain those fees for his own use and benefit. Making searches of financing statement records and providing information related thereto is a collateral service of the office of the county clerk and any fee collected therefor is "by virtue or under color of office" and may not be retained by the clerk, his deputies or employees, for their own use or benefit. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Searching records of financing statements and providing information related thereto is a service germane to the office of county clerk and within the scope of the principal purposes of that public office. For the performance of such a service, a public official may not receive compensation other than that provided by law. The county clerk, or his deputies and employees, may not operate a private business, off hours, by performing services which are clearly germane to his public office, and collect fees for his private use and benefit. (Marvin C. Emerson) (Search Fee) ** SEE: OPINION NO. 79-261 (1979) **