OPINION — AG — A COUNTY SURVEYOR PERFORMING PRIVATE SURVEYING CANNOT USE THE METHOD OUTLINED IN 19 O.S. 1971 588 [19-588] TO COLLECT HIS FEE. CITE: 19 O.S. 1971 572 [19-572] (NATHAN GIGGER)
COUNTY SURVEYOR — FEES A county surveyor performing private surveying cannot use the method outlined in Section 588 to collect his fee. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question: May a county surveyor who does private surveying unrelated to his duties as county surveyor use 19 O.S. 588 [19-588] (1971), to collect his fee? The duties of a county surveyor are set out in 19 O.S. 572 [19-572] (1971), as follows: "The county surveyor shall make in a good and professional manner all surveys of land within his county which he may be called upon by the owner thereof, or his representative, or directed by the district or county courts, or the board of county commissioners to make; and also all lands, tracts or lots owned by the county, and public roads when so directed by said board, and his surveys shall be held as presumptively correct." The statutory language of 19 O.S. 588 [19-588] (1971), is as follows: "A county surveyor shall apportion the costs of the survey among the landowners interested, according to their respective interests. If any of the costs of surveying remains unpaid after the report of any survey shall have become final, the surveyor may furnish to the county clerk a statement, under oath, showing the amount remaining unpaid, and a description of the land against which the apportionment was made, and on receipt of any such statement, the county clerk shall levy a tax sufficient to pay the said apportionment, and said tax shall be collected in the manner provided for the collection of taxes on real estate and be subject to the same penalties, and when collected, the county treasurer shall pay the county surveyor the amount so collected: Provided, that, where the lands occupied by the party or parties requesting such survey are not subject to taxation, the county surveyor may refuse to make such survey until the expense thereof is secured by a bond to be approved by him; and in case any land affected by such survey is not subject to taxation, the county surveyor may recover the portion of the expense of such survey apportioned to such land in a civil action against the owner or owners thereof." In the case of Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 P. 635, the court defined a public office as follows: "A public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised for the benefit of the public. The individual so invested is a public officer." In the case of Board of County Commissioners of Creek County v. Bruce, 51 Okl. 541,152 P. 125 (1915), the court in discussing duties germane to a public office, provided the following rule: "The duties of a public office include all those which fairly lie within its scope, those which are essential to the accomplishment of the main purpose for which the office was created, and those which, although incidental and collateral, are germane to or serve to promote or benefit the accomplishment-of the principal purposes. All such duties are official, and the incumbent may be compelled to perform them. Duties not so related to an office are unofficial, cannot rightfully be attached to it, and the incumbent is not obliged to perform them." Thus, it is apparent that the legislative intent of Section 588 was to establish a procedure and allow for a method of collecting fees of county surveyors for services rendered while in the performance of official duties as a public officer. Section 588 does not provide a procedure for one who performs private services unrelated to the scope of his duties to collect private debts for the rendering of those services. Accordingly, if the wording of a provision of a statute is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretative devices to fabricate a different meaning. McVicker v. Board of County Commissioners of Caddo County, 442 P.2d 297 (1968). It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that a county surveyor performing private surveying cannot use the method outlined in Section 588 to collect his fee. (Nathan J. Gigger)